*A. Ellison*, for the appellants.

May Term, 1856.

THE RISING-SUN AND VERSAILLES TURNPIKE COMPANY v. McCOLLUM.

---

THE RISING-SUN AND VERSAILLES TURNPIKE COMPANY *v.* McCOLLUM and Others.

Proceeding by *A.* and others, suing as infants, against a turnpike company, for constructing their road through the plaintiffs' land. Plea, denying the plaintiffs' infancy, the ownership of the land, &c., and all other matters alleged, &c. *Held*, that the character in which the plaintiffs sued was admitted.

APPEAL from the *Ohio* Circuit Court.

GOOKINS, J.—This was a claim for damages by *Thomas D., John W.* and *Daniel B. McCollum*, suing as infants,

by *Clark*, their next friend, against the *Rising-Sun and Versailles Turnpike Company*, for constructing their road through the plaintiffs' land.

The defendants filed a plea, in which they denied the plaintiffs' infancy, their ownership of the land mentioned in the declaration, the construction of the road through it, and all other matters alleged by the plaintiffs, concluding to the country.

There was a jury trial; verdict for the plaintiffs; motion for a new trial overruled, and judgment. The record contains the evidence.

The defendants, among others, prayed an instruction to the jury, that when a plaintiff charges in his declaration that he is an infant, and the defendant by plea denies such infancy, unless the plaintiff proves at least that at the commencement of the suit he was an infant, the verdict should be for the defendant. The refusal of the Court to give this instruction is assigned for error.

In the case of *Linville* v. *Earlywine*, 4 Blackf. 469, in which an infant declared by his next friend, and, the general issue being pleaded, the Circuit Court refused on motion of the defendant to charge the jury that if the plaintiff had not proved his infancy, he could not sustain the action, this Court held that there was no error; that the general issue admitted the character in which the plaintiff sued. That case can not be distinguished from the present. Although the plea in this case denied the infancy of the plaintiffs, with all the other facts alleged in the complaint, it was in the nature of a general issue. The plea could not have been successfully demurred to, because it was good without that averment.

The proof sustains the verdict.

*Per Curiam.* — The judgment is affirmed, with 10 per cent. damages and costs.

*D. Kelso* and *J. W. Gordon*, for the appellants.

*D. S. Major*, for the appellee.