JOHNSON v. PINEGAR.

PLEADING.—*Answer.*—*Infancy.*—*Statute of Limitations.*—Where a plaintiff in her complaint alleged that she was a minor, under the age of twenty-one years, and sued by her next friend;

*Held,* that an answer pleading simply the statute of limitations admitted her infancy, and was bad on demurrer.

APPEAL from the Warren Common Pleas.

OSBORN, J.—This suit was instituted by the appellee, by her next friend, Walter H. Coon, against the appellant, for seduction. The appellant filed an answer containing two paragraphs. The first alleged, "that more than two years had elapsed since the commission of the grievance, wrongs, and trespasses mentioned in the complaint, at the commencement of this suit, to wit, on the 9th day of January, 1871. He therefore says that said action is barred by the statute of limitations." The second contained a general denial. To the first paragraph of the answer the plaintiff demurred, on the ground that it did not state facts sufficient to constitute a bar to the complaint. The demurrer was sustained, and the defendant excepted. The cause was tried by a jury, and a verdict rendered for the plaintiff for five thousand dollars. Motion for a new trial overruled, exception taken, and final judgment on the verdict.

There is no bill of exceptions in the record, and the only error relied upon for a reversal of the judgment below is in sustaining the demurrer to the first paragraph of the answer.

The appellant insists that the paragraph is good; that it was not necessary for him to negative an exception to the statute; and that if the plaintiff desires to avoid the answer on the ground of infancy, she should have replied it. And we are referred to 7 Ind. 442, and authorities there cited, as sustaining his position.

Without controverting the rule stated, we think it is not applicable in this case. The complaint alleges that the plaintiff is a minor, under the age of twenty-one years, and she

sues by her next friend.   The defendant does not in any manner question her right thus to prosecute her action, but files his answer and admits her infancy.

The appellant, in his brief, contends that the plaintiff was not bound to allege her infancy in her complaint, and that the "facts needlessly stated are not material parts of the complaint," that her infancy was not a material fact belonging to the complaint, and the answer setting up the statute was not a confession of them.   If it is meant to be said that the infancy of the plaintiff was not a material part of the complaint, so far as the cause of action was concerned, the proposition is correct.   The suit was instituted by next friend, and it was material that the complaint should show that the plaintiff was an infant, and formerly it must also be shown that the *prochein ami* had been admitted by the court.   *Shirley* v. *Hagar*, 3 Blackf. 225;  *Stanley* v. *Chappell*, 8 Cowen, 235;  *Grantman* v. *Thrall*, 44 Barb. 173;  *Hulbert* v. *Young*, 13 How. Pr. 413.

The allegation of infancy was legitimate, and it is not denied that, if true, it would avoid the statute.   It did not affect the merits of the cause of action.   Neither does the statute of limitations.   It simply defeats the action by lapse of time. For the purpose of the statute, the answer admits the truth of the allegation of infancy in the complaint.   To reply it would be but an idle ceremony.   The ruling of the court on the demurrer was correct.

In an action by one as an infant, a plea to the merits admits the character in which the plaintiff sues.   *Linville* v. *Earlywine*, 4 Blackf. 469; *The Rising Sun, etc., Turnpike Co.* v. *McCollum*, 7 Ind. 677.

What practice should be adopted when the allegation of the infancy of the plaintiff made in the complaint is not true, we do not indicate.   That question is not presented in the record before us.   In this case the defendant below admitted the infancy of the plaintiff by pleading to the merits.   4 Blackf. and 7 Ind., *supra.*   And also by filing an affirmative answer and not denying the allegation of infancy alleged in the complaint.

The judgment of the said Warren Common Pleas is affirmed, with costs and two per cent. damages.

*J. McCabe*, for appellant.