## THERESA SHOULTS *v.* J. M. T. KEMP.

1. PLEADING. *Statute of Limitations. Fraudulent concealment.*
    A plea of the Statute of Limitations is demurrable, if the declaration alleges that the defendant concealed the cause of action until the statute applied.   Code 1871, § 2158.

2. SAME. *Declaration. Matter of replication.*
    While fraudulent concealment is properly matter for replication to such plea, it may, nevertheless, be averred in the declaration, especially if on its face the action is otherwise barred.

3. SAME. *Demurrer. Waiver of defect in declaration.*
    The omission to state in such declaration that the concealment was fraudulent is waived, unless objected to by demurrer.   Code 1871, § 611.

4. SAME. *Extending demurrer back to first error.*
    A demurrer to a plea cannot be extended back, under our system, so as to reach such defect in the declaration.

5. SAME. *Departure. Continuing trespass.*
    A replication averring a continuing trespass by abducting a child and preventing it from returning during ten years, is a departure from a declaration which alleges only an abduction ten years ago.

ERROR to the Circuit Court of Alcorn County.

Hon. J. A. GREEN, Judge.

*W. M. Inge*, for the plaintiff in error.

As the defendant concealed the cause of action until 1876, the plea of the Statute of Limitations was no answer to the declaration, and was demurrable.   *Johnson* v. *White*, 13 S. & M. 584 ; *M' Combie* v. *Davies*, 6 East, 538.   The statute was stopped by the fraud, until the discovery thereof.   Angell on Lim. § 183 ; *Stocks* v. *Van Leonard*, 8 Ga. 511 ; *Lawrence* v. *Trustees*, 2 Denio, 577 ; *Donnelly* v. *Donnelly*, 8 B. Mon. 113 ; *First Massachusetts Turnpike* v. *Field*, 3 Mass. 201.   The suit was for the loss of the child's services, an injury continuing up to the trial.   Therefore the replication was not a departure, but a full answer to the plea, and the demurrer thereto should have been overruled.

*Whitfield & Young*, for the defendant in error.

The Statute of Limitations began to run at the alleged date

of the trespass, and there is no exception which saves the case from the bar. Concealment, if an answer to the plea, must, at least, have been fraudulent, which is not averred. The replication was a departure from the case stated in the declaration.

GEORGE, C. J., delivered the opinion of the court.

This is an action against the defendant in error to recover damages for enticing away and abducting the minor child of the plaintiff in error. The declaration states that, in the year 1866, the defendant wrongfully and unlawfully enticed, persuaded, procured, and forced her child to depart from and leave her and her service, and that the child continued and remained absent from the plaintiff and her service from that time till the 7th day of July, 1876, a period of ten years. The declaration further avers that the defendant concealed from the plaintiff the presence and whereabouts of her said child, and her cause of action against him, until the year 1876, and that she could not and did not, after the most diligent search and inquiry, ascertain the whereabouts and place of residence of her said child, and her cause of action against the defendant, until the year 1876. The suit was commenced on Sept. 10, 1877. To this the defendant filed, among others, a plea alleging that the plaintiff's cause of action did not accrue within six years next before the commencement of this suit. To this the plaintiff demurred, because there was no denial in the plea of the concealment of the cause of action, as alleged in the declaration. The overruling of this demurrer by the court below constitutes the first error assigned in this court.

Sect. 2158 of the Code 1871 provides that, "If any person liable to any of the actions mentioned in this article shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the cause of, such action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." The matter of this section would properly constitute a replication to the Statute of Limitations; but this court, in *Jacobson* v. *Horne*, 52 Miss. 185, held that

matter which might properly be in the replication might also be set out in the declaration, and that this course was not inadmissible under the system of pleading established in this State; and this course appears less objectionable when the matter so set out has the effect to prevent the operation of a defence which otherwise would appear *prima facie* valid from the declaration itself. The declaration in this case undertakes to set out the facts which, under the section of the Code above quoted, would prevent the running of the Statute of Limitations till the year 1876. The attempt to do this is not altogether successful, owing to the failure to state in the declaration that the concealment was fraudulent. The defendant, however, made no objection by demurrer, and must be held to have waived this imperfection.

Nor can the demurrer of the plaintiff to the defendant's plea be extended back to the declaration and made to reach this defect. Sect. 611 of the Code provides that, "When a demurrer shall be put in, the court shall not regard any defect or imperfection in the proceedings, except such as shall be assigned for causes of demurrer, unless something so essential to the action or defence as that judgment, according to law and the right of the cause, cannot be given, shall be omitted." We do not understand this section to repeal the rule of the common law which requires, when a demurrer is put in at any stage of the proceedings by either party, that it shall be extended back to the first defect in the proceedings; but it does prescribe the nature of the imperfection in the former pleading, which can be reached by a demurrer expressly put in to a subsequent pleading. If this were not so, the anomaly would exist of prohibiting, as to pleadings expressly called in question by demurrer, the consideration of defects not specially pointed out and excepted to by the demurrer, unless they are so essential as to prevent the giving of judgment according to law and the right of the case; and at the same time allowing pleadings whose validity has not been expressly put to the test of a demurrer, to be adjudged bad for imperfections of a technical character. The declaration must be regarded as having validly set out the fraudulent concealment of the cause of action; and the defendant's plea, setting up the Statute of Limitations, was

therefore bad, because of its failure to deny the allegation of the declaration in reference to the concealment of the cause of action. The court erred in overruling the plaintiff's demurrer to this plea, and for this reason the judgment must be reversed.

As the cause must be remanded for a new trial, it is necessary to pass on the second assignment of error. After the plaintiff's demurrer to the plea of the Statute of Limitations was overruled, she filed, as recited in the record, two replications. In the first replication, the plaintiff averred that the trespass complained of in the declaration was a continuing one, and that, from the date of the abduction of said child by the defendant, in 1866, " the said child has been detained and held in custody by the defendant up to the 7th day of July, 1876." The defendant's demurrer to the replication was sustained, and we think properly. The declaration complained of a single trespass, — the abduction or enticing away of the child in 1866. It stated that the child remained absent from the plaintiff for ten years, but it failed to state, as this replication does, that the defendant did any thing after the first trespass to prevent his return. The plea of *actio non accrevit infra sex annos* was therefore a good answer to the whole cause of action set out in the declaration, if we omit all consideration of the allegation of fraudulent concealment. The matter set up in this replication is neither a traverse of the plea, nor a confession and avoidance of it, but is an abandonment of the cause of action set out in the declaration, and a setting up of a new cause, — the preventing the return of the child, — not stated or relied on in the declaration. It is an acknowledgment that the cause of action set out in the declaration is in fact barred, and an attempt to recover judgment, notwithstanding this bar, by setting up in the replication a new cause of action. A replication in confession and avoidance is an acknowledgment that the facts stated in the plea, as a ground of defence, are true, and the averment of the existence of other facts not theretofore pleaded, which avoid the legal effect of the matter thus confessed; and its effect is to maintain and support the claim declared on, just as the claim is made in the declaration. It is not, as in this case, a confession that the claim made in the declaration can-

not be maintained, and the setting up of a new and distinct claim, for which the plaintiff seeks to recover. A single trespass, consisting alone in the abduction of the child, is a distinct thing from a continuing trespass, by which the child was kept in custody of the defendant and prevented from returning to his mother for a period of ten years. The wrong, in the latter case, continues up to the moment when the child is permitted to return. The first trespass, the abduction, if it occurred more than six years before action brought, would be barred if there were no fraudulent concealment of the cause of action; but damages could be recovered for the continuing trespass arising from the detention of the child within the period of six years, notwithstanding the bar of the first trespass. This is well settled. See Angell on Lim. § 300. If the plaintiff desired to recover for this continuing trespass, she should have set it out in her declaration. There is no second replication to the defendant's plea of the Statute of Limitations in the record. When the cause is remanded, both parties should be allowed to amend the pleadings in accordance with this opinion.      *Judgment reversed and cause remanded.*