No. 9195.

KNIPPENBERG, EXECUTOR, v. MORRIS.

STATUTE OF LIMITATIONS.—*Coupling Disabilities.*—One disability can not be coupled with another so as to prevent the statute of limitations from barring the action.

SAME.—*Decedents' Estates.*—Every claim against an estate must be brought within seven and a half years after it accrues, unless the claimant is under some disability.

SAME.—*Account.*—*Pleading.*—In an action upon an account against a decedent's estate, an answer that the cause of action did not accrue within six years, is bad, as such action may be brought at any time within eighteen months after the decedent's death, if not barred at that time.

PLEADING. — *Decedents' Estate.* — *Defences.* — *Harmless Error.* — In actions against an estate, all defences except set-off, may be proved without plea, and the defendant has the benefit of them, though he attempts to plead them specially; and where such a defence is specially plead, the defendant is not injured by overruling a demurrer to an insufficient reply to such plea.

SAME.—*Reply.*—A bad reply is sufficient for a bad answer.

HUSBAND AND WIFE.— *Wife's Earnings.*—The right to services rendered by the wife during marriage, prior to the act of March 25th, 1879, belongs to the husband, and her earnings can not be recovered by the wife.

SAME.—*Foreign State.*—*Common Law.*—*Presumption.*—Services rendered by the wife before marriage in another State, where it is presumed the common law prevails, belong to the husband.

From the Marion Circuit Court.

*D. V. Burns* and *C. S. Denny*, for appellant.

*J. B. Julian* and *J. F. Julian*, for appellee.

BEST, C.—On the 3d day of October, 1879, the appellee filed a claim against the estate of the decedent for services rendered him as a domestic, at his request, from May 16, 1857, to May 15, 1861, at $1.50 per week, and for like services rendered for him for ten weeks during each and every year from 1862 to 1873, inclusive, amounting in the aggregate to $547. The appellant filed an answer of two paragraphs. The first was a general denial, and the second averred that the cause of action did not accrue within six years before the claim was filed.

The appellee replied in two paragraphs to the second para-

graph of the answer. The first was a general denial, and the second averred that the appellee was a minor when the cause of action accrued; that before she attained her majority she married, and that she is yet under the disability of coverture.

A demurrer was overruled to the second paragraph of the reply; the issues tried by the court; a finding made for $600; and, over a motion for a new trial, final judgment was rendered against the estate.

The errors assigned in this court are, that the court erred in overruling the demurrer to the second paragraph of the reply, and in overruling the motion for a new trial.

The second paragraph of the reply sought to couple one disability with another, for the purpose of avoiding the defence interposed by the statute of limitations. This can not be done, as has several times been decided. *Kistler* v. *Hereth,* 75 Ind. 177; *White* v. *Clawson,* 79 Ind. 188.

The answer, however, to which this paragraph of the reply was plead, was bad, and for this reason no error was committed in overruling the demurrer.

Section 210 of the code provides that actions "on accounts and contracts not in writing" shall be commenced within six years, and not afterward. 2 R. S. 1876, p. 121.

Section 217 provides that "if any person * * * liable to any action, shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representatives, and may be brought at any time, after the expiration of the time limited, within eighteen months after the death of such person."

These sections are construed together, and the latter may enlarge the time prescribed by the former, in which an action may be brought against a decedent's estate, if not barred at the time of the decedent's death. If the decedent dies less than eighteen months before the expiration of the time limited for bringing the action, the time is extended beyond six years. How long beyond, depends upon the time when the decedent dies. *Harris* v. *Rice,* 66 Ind. 267. The answer avers that

the cause of action did not accrue within six years before the claim was filed, but it does not aver that the cause of action did not accrue within six years before the decedent's death, nor that the action was not brought within eighteen months thereafter. For aught that is averred, the decedent may have died less than eighteen months before the time limited for bringing the action, and the claim may have been filed within eighteen months thereafter. If so, the claim was not barred. The answer was insufficient, and, as a bad reply is sufficient for a bad answer, there was no error in overruling the demurrer to this paragraph of the reply.

Again: As it was unnecessary to plead this defence specially, the question arises whether filing it precludes the appellant from availing himself of such defences as he is not required to plead. The statute provides that "all matters of valid defence, except a set-off, may be given in evidence without any special plea." Sec. 66, 2 R. S. 1852, p. 261.

The statute authorized the appellant to avail himself of the protection offered him by the statute without plea. *Vail* v. *Halton*, 14 Ind. 344.

It has several times been decided by this court that a defendant, in an action originating before a justice of the peace, may prove such defences as the statute authorizes him to prove without plea, notwithstanding the fact that he has plead or attempted to plead them specially. *Cincinnati, etc., R. R. Co.* v. *Ridge*, 54 Ind. 39; *Davis* v. *Grater*, 62 Ind. 408.

The same rule must prevail in the trial of claims filed against estates. If so, the appellant had the benefit of this defence on the trial and was not injured by the ruling upon the demurrer. Had the answer been sufficient a different question would have arisen. *Niblack* v. *Goodman*, 67 Ind. 174.

For these reasons we are of opinion that no error was committed in the ruling upon the demurrer. Among other reasons embraced in the motion for a new trial, it was alleged that the finding was not sustained by sufficient evidence, was contrary to the law, and the damages assessed were excessive.

The testimony of the claimant shows that she was married on the 16th day of May, 1861, at the age of twenty, and that she has ever since been a married woman; that she worked in the family of the decedent as a domestic for two years and two months immediately before her marriage, and that she rendered like services for him during three months of each year during the next six years, for which the decedent promised to pay her. Two other witnesses were called by the claimant, who testified that $600 was a reasonable compensation for all her services. It appeared that the claimant was a niece of the decedent, and a witness was called by the appellant who testified to some circumstances tending to show that she lived in the family of her uncle as a member of it, and not as a servant. No fact, however, was disputed except the promise to pay for the services. The other facts must be regarded as established, and thus regarded, was the appellant entitled to a new trial for any of the reasons embraced in his motion? We think he was.

Nearly one-half of the services for which the action was brought, were rendered after the claimant's marriage. The right to these earnings is not affected by the provisions of the act of March 25, 1879, and the right to recover them, if any, belonged to the husband. *Baxter* v. *Prickett's Adm'r*, 27 Ind. 490; *Jenkins* v. *Flinn*, 37 Ind. 349. As the claimant was not entitled to recover for the services rendered during marriage, the damages assessed were excessive.

The residue of the services was rendered before the claimant's marriage, and, if the claim for them does not belong to the husband, it appears to be barred by the statute of limitations. Every claim must be filed within seven and one-half years after the cause of action accrues, and as this claim was not filed till long after that time, it is barred, unless the claimant was under some disability. *Prima facie*, the cause of action accrued before her marriage, and at that time she was an infant; but as that disability only continued about one year, and the disability of coverture does not prevent the statute

from running, it appears to us that this portion of her cause of action is barred.    Again, those services were rendered in the State of Virginia, and if the claim is controlled by the rule of the common law, which we presume to be in force in that State, it belongs to the husband, who is still living.    *Scott* v. *Scott*, 13 Ind. 225; *Flenner* v. *Flenner*, 29 Ind. 564; *Buchanan* v. *Lee*, 69 Ind. 117.

For these reasons, we think the court erred in overruling the motion for a new trial, and that the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to grant a new trial.