Epperson v. Hostetter, Administrator.

Filed May 27, 1884.

———————◆———————

No. 11,540.

EPPERSON *v.* HOSTETTER, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Payment.*—*Pleading.*—A general plea of payment to a claim against an estate, without stating time, is good on demurrer.

SAME.—*Statute of Limitations.*—To a claim upon an account against an intestate's estate, a plea, that the cause of action did not accrue within six years before bringing the action, is bad.

| 95 | 583 |
| 128 | 84 |
| 128 | 386 |
| 95 | 583 |
| 135 | 699 |
| 95 | 583 |
| 146 | 93 |
| 95 | 583 |
| 166 | 449 |

From the Montgomery Circuit Court.

*L. J. Coppage*, for appellant.

*T. E. Ballard* and *M. E. Clodfelter*, for appellee.

ZOLLARS, J.—Appellant is the widow of William Epperson, deceased. She filed a claim against his estate, claiming $2,495. This claim was allowed by the administrator, David H. Hostetter. Upon a proper showing by appellees, Willis F. Epperson, Susan F. Brown and Samuel Brown, the claim was transferred to the issue docket, and they, as creditors, were allowed to file answers and defend against the claim. They based their application upon section 2326, R. S. 1881.

Not having been allowed the full amount claimed, appellant has appealed, and assigns as error the overruling of her demurrer to the second and third answers, and the overruling of her motion for a new trial.

The second answer is a plea of payment. The time of payment is not stated, except that it was before the filing of the claim. This is sufficient as against a demurrer. If appellant wished, and was entitled to have the time more specifically stated, her proper course was by a motion to have the plea made more certain.

The answer was by all of the defendants. The naming of one of them as William F. Epperson, instead of Willis F. Epperson, was a mere clerical mistake, which neither affected the validity of the plea nor the substantial rights of the parties.

The overruling of the demurrer to the third answer was error. This answer is, that appellant's cause of action did not accrue within six years before the bringing of the action. Ordinarily, the six years' limitation is a bar to an action upon an account, such as that set out in appellant's complaint. Section 298, R. S. 1881, however, provides that "If any person entitled to bring, or liable to any action, shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representatives, and may

be brought at any time after the expiration of the time limited, within eighteen months after the death of such person."

The effect of this statute is to extend the limitation in case of the death of either party. A case may, therefore, occur in which, by the death of either party, just before the expiration of the six years, the limitation may be extended to near seven and one-half years, instead of six. *Knippenberg* v. *Morris*, 80 Ind. 540; *Harris* v. *Rice*, 66 Ind. 267.

We do not think that this is a case in which the plaintiff should be called upon to plead the exception to the statute. It was so held in the above case of *Knippenberg* v. *Morris, supra*. The rule in this State is that a demurrer will not be sustained to a complaint on the ground that it shows a cause barred by the statute of limitations, unless it also appears that the cause does not come within any of the exceptions to the statute, where there are such exceptions. *Kent* v. *Parks*, 67 Ind. 53; *McCallam* v. *Pleasants*, 67 Ind. 542; *Biggs* v. *McCarty*, 86 Ind. 352 (44 Am. R. 320); *Lucas* v. *Labertue*, 88 Ind. 277.

The reason of this rule has been variously stated. In the case of *Hanna* v. *Jeffersonville, etc., R. R. Co.*, 32 Ind. 113, it was said: "The reason for this is, that usually there are exceptions to statutes of limitations, and the plaintiff should, therefore, have the opportunity of replying to the plea, so that he may show that the case is within any of the exceptions. To compel him to make these averments in the complaint, would tend to inconvenient and needless prolixity."

In the case of *Potter* v. *Smith*, 36 Ind. 231, it was said: "The reason is, that the case may be within some of the exceptions, and the plaintiff is not bound to anticipate the defence of the statute and show his case to be within the exception without knowing that such defence will be made. Upon the statute being pleaded, he may reply the exception." Perhaps the more logical reason of the rule is that as there are exceptions to the statute, the court can not say as a matter of law, upon the demurrer, that the action is

barred, unless it is made to appear affirmatively that the case is not within some of the exceptions. In such cases the holding has been that the statute must be pleaded by answer. In some of the above cases it was said that when the statute is thus pleaded, the plaintiff must reply the exceptions in the statute.

Where neither the complaint nor answer develops the fact that the case is within any of the exceptions, it is but reasonable to require the plaintiff to show that fact by a reply, if he seeks protection by reason of it. In such case, the reply is necessary to furnish to the court the requisite information.

Where, however, this fact is developed by the complaint and answer, or either of them, there can be no reason for showing it by a reply. And where the complaint shows that the case is within some of the exceptions to the statute, it will not only be good against a demurrer, but an answer setting up the statute, simply, will be insufficient. That the case is within some of the exceptions may be shown by the averments in the complaint, or the nature of the case may be such that the court will take judicial notice of that fact.

In the case of *Perkins* v. *Rogers,* 35 Ind. 124 (9 Am. R. 639), it was insisted that the court below erred in overruling a demurrer to the complaint, because it affirmatively appeared on the face of it that the cause of action had not accrued within six years next preceding the commencement of the action. The parties were residents, respectively, of the States of Indiana and Louisiana. It was held that the court would take judicial notice that from the 16th day of August, 1861, until the 20th day of August, 1865, a state of war existed between the States, and that during that time the operation of the statute of limitations was suspended. Such a state of war was not averred in the complaint, but the judicial notice was made to serve the purpose of such averment, and the complaint was held sufficient.

In the case before us, the court knows from the averments

in the complaint, and the nature of the case, that the party who contracted the debt to appellant is dead, because the claim is presented against his estate. The court, therefore, knows that the case falls within the exception to the statute, and is not barred absolutely by the six years' limitation, and that by the death of the party the time may have been extended. The answer, therefore, that the cause of action did not accrue within six years before the commencement of the action is not a sufficient answer. The demurrer admitted the truth of the answer, but, when admitted, it did not show the action to be barred.

An answer in such case, to be sufficient, must state such facts that the court can say upon them, as a matter of law, that the action is barred by the statute of limitations applicable.

We are to inquire, then, whether the error is such an one as requires us to reverse the judgment.

In cases of this character, the administrator may avail himself of the statute of limitations without specially pleading it. *Zeller* v. *Griffith*, 89 Ind. 80. So might the creditors in this case, as, for the purposes of this litigation, they occupy the place of the administrator.

The rule is settled, too, that the sustaining of a demurrer to a good paragraph of an answer will be a harmless error, if the defendant has another paragraph under which the same matters are admissible in evidence. *Fuller* v. *Wright*, 59 Ind. 333; *Martin* v. *Merritt*, 57 Ind. 34 (26 Am. R. 45); *Board, etc.*, v. *Jameson*, 86 Ind. 154; Works Pr., section 537, and cases cited. This, however, is not the case before us. Here a demurrer was overruled to a bad paragraph of answer. In such case it has been held that the error may not be harmless, although there are other paragraphs of answer under which the same facts are admissible in evidence. *Over* v. *Shannon*, 75 Ind. 352; *Sims* v. *City of Frankfort*, 79 Ind. 446.

Appellant's claim is based upon a loan of money to the decedent. Her evidence shows that a part of it was loaned more than six years prior to the bringing of this action. In

one of the instructions, as modified, the court charged the jury that she was entitled to recover the amount proven, unless one of the affirmative defences was proven. One of the affirmative defences is the third answer, which, as we have seen, sets up that the cause of action did not accrue within six years preceding the bringing of the action. The jury returned a verdict for much less than the amount claimed. In view of these facts, we can not say that the error in overruling the demurrer to the third answer was a harmless error. For aught that we can know, the jury may have disallowed that portion of the claim which accrued prior to the six years preceding the action.

It is true that by the second instruction the jury were correctly charged as to the statute of limitations, but this did not cure the error. The instructions can not be reconciled with each other. They were thus calculated to confuse and mislead the jury, or at least to leave them in doubt and uncertainty as to what was the law applicable to the case. For the errors in overruling the demurrer, and in giving the first instruction as modified, the judgment must be reversed. It will not be necessary, therefore, to notice the other questions discussed by counsel. We may say, however, that as at present advised we see no valid objections to the introduction in evidence of appellant's reports as guardian of her children.

The judgment is reversed with costs.

Filed May 27, 1884.