No. 13,090.

## LEHMAN *v.* SCOTT.

STATUTE OF LIMITATIONS.—*Action for Breach of Marriage Contract.—Infancy.—Legal Disability.*—Where a cause of action has accrued to an infant female for the breach of a marriage contract, she, being under disability, may bring suit within two years after becoming twenty-one years of age.

PLEADING.—*Harmless Error.*—It is a harmless error to sustain a demurrer to a paragraph of answer where the facts alleged therein are admissible under another paragraph which remains in the record.

From the Elkhart Circuit Court.

*H. C. Dodge, R. M. Johnson* and *E. G. Herr,* for appellant.
*H. D. Wilson, W. J. Davis, J. H. Baker* and *F. E. Baker,* for appellee.

ZOLLARS, J.—Appellee alleged in her complaint that in September, 1881, at which time she was nineteen years of age, she and appellant entered into a contract of marriage ; that on the faith of his promise to marry her he obtained her consent to sexual intercourse, and afterwards refused to fulfill his promise, and married another.

To that complaint appellant filed an answer, the second paragraph of which is as follows: "And for a second and further answer to the plaintiff's complaint, the said defendant says that plaintiff's cause of action alleged in her complaint did not accrue within two years prior to the commencement of this action thereon."

Appellant's counsel contend that the plaintiff's cause of action is " injuries to the person," and that, therefore, the action is barred by section 293, R. S. 1881, which provides, amongst other things, that actions for injuries to person or character shall be commenced within two years after the cause of action accrues, and not afterwards.

Appellee's counsel, on the other hand, contend that the action is upon the contract of marriage, and, therefore, is not

barred except by the six years limitation. Without in any way, either directly or indirectly, giving assent to the theory of appellant's counsel, we adopt that theory for the purposes of this decision simply. Upon this theory the paragraph of answer above set out is not sufficient.

The statute provides that persons under the age of twenty-one years may enter into a contract of marriage. R. S. 1881, section 5324, *et seq.;* but those sections do not overthrow section 296, which provides that any person, being under legal disability when the cause of action accrues, may bring his action within two years after the disability is removed. That section is general, including all persons under legal disabilities, as that phrase is defined by the statute.

As thus defined, it includes persons within the age of twenty-one years. R. S. 1881, section 1285. And, therefore, while appellee was competent to enter into a marriage contract, she was under legal disability, so far as concerns the statute of limitations, for so the statutes declare. Under that statute, it must be held that appellee had two years after arriving at the age of twenty-one years in which to commence her action.

It is averred in the complaint that she was but nineteen years of age when the contract of marriage was entered into. If that contract was violated by appellant immediately after having been entered into, according to the theory of his counsel, appellee had two years from that time—September, 1881—in which to bring her action.

The statute, however, as we have seen, gave her two years after attaining the age of twenty-one years in which to commence her action. If, therefore, the appellee's cause of action accrued in September, 1881, by the violation of the contract at that time by appellant, she had four years in which to commence her action—two years until she should attain the age of twenty-one years, and two years thereafter. It being shown by the complaint that appellee was but nineteen years old when the marriage contract was entered into,

the court was bound to take notice that she had four years from September, 1881, in which to commence her action, if it be conceded that her cause of action accrued immediately after the making of the contract, by the violation thereof by appellant.

To fully meet the complaint, upon appellant's theory, as the above paragraph of answer was intended to do, it should have shown not only that the cause of action did not accrue within two years prior to the commencement of the action, but, also, that the action was not commenced within two years after appellee attained the age of twenty-one years.

The demurrer to the answer admitted that the action was not commenced within two years after the cause of action accrued, but that fact, so admitted, is not sufficient to bar the action. Appellee had two years after arriving at the age of twenty-one years within which to bring her action, and the answer does not show that those two years have expired.

Without repeating the reasoning, we cite, as fully sustaining our conclusion here, the case of *Epperson* v. *Hostetter*, 95 Ind. 583.

The demurrer to the second paragraph of answer was properly sustained.

The substance of the third paragraph of answer is, that, before the alleged breach, "the said contract of marriage, if any was made, as set forth in the complaint, was mutually rescinded by the plaintiff and defendant." If there was any error in sustaining the demurrer to that paragraph, it was a harmless error, for the reason that substantially the same facts were set up in the fourth paragraph of answer, the demurrer to which was overruled. Any evidence, competent to support the third paragraph, was clearly admissible under the fourth.

We do not think it necessary to extend this opinion to set out the fifth paragraph of answer, or an abstract of it. In the sustaining of the demurrer to it there is no available error.

Stripped of the evidence therein set out, there are no facts properly pleaded that might not have been proven under the first and fourth paragraphs, the first of which is a general denial. And, besides, the fifth paragraph is without theory, some portions of it contradicting and overthrowing the other portions.

The record presents no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Jan. 18, 1888.