CHARTERS v. CITIZENS NATIONAL BANK OF PERU.

[No. 11,897. Filed January 29, 1925. Rehearing denied April 1, 1925. Petition to transfer dismissed December 17, 1925.]

1. LIMITATION OF ACTIONS.—*There being exceptions to the general statute of limitations, a complaint will not be held subject to demurrer although it shows that the period of limitation has run.*—There being exceptions to the general statute of limitations, a complaint will not be held insufficient on demurrer although it shows that since the cause of action accrued, the period of limitation has run. p. 18.

2. LIMITATION OF ACTIONS.—*When statute of limitations must be pleaded.*—The statute of limitations must be pleaded unless it affirmatively appears from the complaint that the cause does not come within any of the exceptions thereto. p. 18.

3. LIMITATION OF ACTIONS.—*In action by bank against its cashier for conversion, complaint alleging that by a false charge against account of a depositor and false entries in a new pass-book for the latter, defendant concealed the wrongful act, was not insufficient on demurrer.*—In an action by a bank against its cashier for the conversion of money, a complaint alleging that by a false charge against the account of a depositor and false entries in a new pass-book for the latter delivered to his representative after his death, the defendant concealed the wrongful act, was not insufficient on demurrer because the concealment was not sufficiently pleaded, the remedy being a motion to make such averments more specific. p. 19.

Charters *v.* Citizens Nat. Bank—84 Ind. App. 15.

4. APPEAL.—*Sustaining demurrer to good paragraph of answer, when harmless error.*—Sustaining a demurrer to a good paragraph of answer was harmless error where there were other paragraphs under which all the material facts alleged therein were provable. p. 19.

5. LIMITATION OF ACTIONS.—*Unnecessary for plaintiff to anticipate defense of statute of limitations and aver facts in avoidance thereof.*—It is not necessary for a plaintiff to anticipate the defense of the statute of limitations and aver facts in avoidance thereof, as the defense must be specially pleaded. p. 20.

6. LIMITATION OF ACTIONS.—*Proper practice as to avoiding statute of limitations stated.*—Where the facts bring the case within an exception to the statute of limitations, the proper practice is for the plaintiff not to anticipate the defense, but, if the defendant pleads the statute, file an affirmative reply alleging facts showing that the case is within the exception claimed. p. 20.

7. LIMITATION OF ACTIONS.—*Where plaintiff in his complaint anticipates the defense of the statute of limitations and avers that his cause of action is within an exception thereto, and defendant pleads general denial and statute of limitations, a special reply alleging facts showing that the cause is within an exception is unnecessary.*—Where the plaintiff in his complaint anticipates the defense of the statute of limitations, and avers that his cause of action is within an exception to the statute, and defendant answers by a denial and by pleading the statute as a defense, then, a special reply setting up facts showing that the cause is within an exception to the statute, is unnecessary, a reply in general denial being sufficient. p. 20.

8. LIMITATION OF ACTIONS.—*Concealment of cause of action which will take it out of statute of limitations defined.*—The concealment of a cause of action which will take it out of the operation of the statute of limitations must consist of some affirmative act or line of conduct. p. 21.

9. LIMITATION OF ACTIONS.—*Whether act of concealment was previous or subsequent to accrual of cause of action is immaterial, provided there was a design to prevent the discovery of the facts which gave rise to the cause of action and that it operated thereafter as a means of concealment.*—It is immaterial whether an act of concealment that will take a cause of action out of the statute of limitations was previous or subsequent to the accrual of the cause of action, provided there was a design to prevent the discovery of the facts which gave rise to the cause of action and that the act operated as a means of concealment thereafter. p. 21.

10. LIMITATION OF ACTIONS.—*Evidence of concealment of cause of action held sufficient to take it out of the statute of limitations.*—In action by a bank against its cashier for conversion, evidence *held* sufficient to show concealment of the cause of action so as to take it out of the statute of limitations within the provisions of §309 Burns 1926, §302 Burns 1914.  p. 21.

11. APPEAL.—*Alleged errors in admission of evidence not considered when record shows appellant received substantial justice.*—Where it appears from the record that there was sufficient competent and legitimate evidence to sustain the finding, and that the appellant has received substantial justice, it is unnecessary, on appeal, to consider alleged erroneous rulings in the admission of other evidence.  p. 22.

From the Cass Circuit Court; *Paul M. Souder*, Judge.

Action by the Citizens National Bank of Peru against Charles M. Charters. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the first division.

*Long & Yarlott* and *Rhodes & Rhodes*, for appellant.

*Rabb, Mahoney, Fansler & Douglass* and *Albert H. Cole*, for appellee.

REMY, J.—Action by appellee against appellant for conversion. Material averments of the complaint are: On February 27, 1913, appellant was, and for many years immediately prior thereto had been, the cashier of appellee bank, and on that day, appellant, while acting as such cashier, wrongfully took and converted to his own use $2,064.38 of the money of appellee, and charged the same to the account of John Tomey, a depositor of the bank. Four months later, and before the account had been balanced, Tomey having died intestate, appellant as cashier, and in order to conceal his wrongdoing, prepared and delivered to the widow and sole heir of Tomey, a new pass-book purporting to be a duplicate of the original, in which new pass-book were

false entries by which the deposits shown were $2,064.38 less than those actually made, and the balance was, by appellant, made to correspond with the books of the bank. By reason of the false charge against the account of John Tomey on the books of the bank, and by reason of the false entries in the new pass-book, the wrongful act of appellant in appropriating to his own use the $2,064.38 was concealed by appellant, and was not discovered by appellee until November 28, 1921. Thereafter on December 17, 1921, appellee paid to Nellie Tomey the sum wrongfully charged. The amount of money alleged to have been wrongfully taken, with interest, is demanded. Action was commenced January 28, 1922.

To the complaint appellant filed a demurrer for want of sufficient facts. The demurrer was overruled, and appellant, in addition to an answer in denial, pleaded the statute of limitations. A demurrer to the special plea was sustained and appellant filed two additional paragraphs of answer, in each of which, in addition to pleading the statute of limitations, it was averred that the records of the bank were at all times open to the inspection of all the officers of the bank, wherefore there was not, and could not have been, a concealment as averred in the complaint. A reply in denial closed the issues, and a trial by the court resulted in a verdict for appellee.

Errors assigned, and which require consideration, are: (1) Overruling demurrer to complaint; (2) sustaining demurrer to second paragraph of answer; and (3) overruling motion for new trial.

It is urged that the complaint is demurrable for the reason that the facts averred therein show that the action was not commenced within six years following its accrual, which is the period of limitation fixed by statute in such cases. §37 Civil

**1, 2.**

Code, §301 Burns 1926, §294 Burns 1914.   To this section of the statute of limitations, there are exceptions, one of which is where, as is averred in the complaint under consideration, there has been a concealment by the person liable.   §46 Civil Code, §309 Burns 1926, §302 Burns 1914.   It has frequently been held by the courts of appeal, and is a well-established rule, that where there are exceptions to the statute of limitations, and it is desired to defend on the ground that the action is barred by the statute, the question cannot be raised by demurrer to the complaint.   The statute must be pleaded in bar of the action, unless it affirmatively appears from the complaint that the cause does not come within any of the exceptions.   *Pence, Exr.,* v. *Young* (1899), 22 Ind. App. 427, 53 N. E. 1060; *Roberts* v. *Smith* (1905), 165 Ind. 414, 74 N. E. 894.   The reason for the rule is that if the complaint in such a case is held insufficient on demurrer for want of facts, the plaintiff might thereby be deprived of setting up by reply the fact that the action was removed from the operation of the statute by an exception.

It is also contended that the demurrer to complaint should have been sustained for the reason that the concealment of the cause of action is not sufficiently pleaded.   The facts showing the concealment might with propriety have been more fully set forth, but, since appellant did not move that the complaint be made more specific in that regard, he is in no position to complain.   In the absence of such motion, we hold that the concealment is sufficiently pleaded.

The court did not err in overruling demurrer to complaint.

3. If the action of the trial court in sustaining demurrer to appellant's second paragraph of answer was erroneous, which we do not decide, the error was harmless for the reason that all material facts

alleged therein were provable under other para-
graphs of appellant's answer, the sufficiency of neither
of which is questioned.

The error assigned, and which is chiefly relied on for
a reversal, is the action of the court in overruling the
motion for a new trial.

It is earnestly contended by appellant that the deci-
sion is contrary to law for the reason that the court
determined that there was concealment, in the
absence of an affirmative reply to that effect.
Since the statute of limitations is a defense
which may be waived, and, therefore, must be specially
pleaded, it is not necessary for the plaintiff in his com-
plaint to anticipate such defense by averment of facts
in avoidance. When there are facts which bring the
case within one of the exceptions to the statute of limi-
tations, the proper practice would be for the plaintiff
in his complaint not to anticipate the defense, and if
the defendant pleads the statute, file an affirmative
reply setting forth the facts showing that the case is
within the exception claimed. *State, ex rel.,* v. *Parsons*
(1897), 147 Ind. 579, 47 N. E. 17, 62 Am. St. 430. If,
however, the plaintiff by averments in his complaint
does anticipate the defense of the statute of limitations,
and avers, and assumes the burden of showing that his
cause is within an exception to the general statute, and
the defendant answers by denial, and by a plea that the
action is barred by the statute of limitations, to which
plea there is a reply in denial, then in such a case a
special reply setting forth facts showing that the cause
is within an exception "would," as stated by the Su-
preme Court in *Johnson* v. *Pinegar* (1872), 41 Ind. 168,
"be but an idle ceremony." As was well said by the
Supreme Court in *Epperson* v. *Hostetter, Admr.*
(1884), 95 Ind. 583, 586: "Where neither the com-
plaint nor answer develops the fact that the case is

within any of the exceptions, it is but reasonable to require the plaintiff to show that fact by a reply, if he seeks protection by reason of it. In such case, the reply is necessary to furnish to the court the requisite information. Where, however, this fact is developed by the complaint and answer, or either of them, there can be no reason for showing it by a reply." See, also, Lehman v. Scott (1888), 113 Ind. 76, 14 N. E. 914; Shoults v. Kemp (1879), 57 Miss. 218; Wright v. Le-Claire (1854), 4 Greene (Iowa) 420.

Appellant claims that there is no evidence of the concealment by him of the cause of action, and that, therefore, under the evidence, the action is barred by the statute of limitations.

The concealment of a cause of action which will take it out of the operation of the statute of limitations must consist of some affirmative act or line of conduct. 8-10. Churchman v. City of Indianapolis (1887), 110 Ind. 259, 11 N. E. 301, and cases cited. Where some affiramtive act of concealment takes place, it is immaterial whether the concealment is previous or subsequent to the beginning of the cause of action. It is only important that there was a design to prevent the discovery of the facts which gave rise to the action, and that the act operated as a means of concealment. Whitesell v. Strickler (1906), 167 Ind. 602, 620, 78 N. E. 845, 119 Am. St. 524; Jackson v. Jackson (1897), 149 Ind. 238, 47 N. E. 963. There is evidence, as appears from the record, that, at the time averred in the complaint appellant, while acting as cashier of appellee bank, charged against the account of John Tomey a check for $3,900, but that no such check was returned, as canceled, to John Tomey or anyone else, and there was no positive evidence that anyone had seen such check; that after the death of John Tomey, his widow Nellie Tomey, believing that her husband in his lifetime had deposited

with the bank the proceeds of a certain sale, and that the records of the bank should so show, went to appellant as cashier and asked him concerning the matter; whereupon appellant prepared for her a new pass-book from which certain amounts shown on the books of the bank were omitted, and in which were entered certain other deposits not shown on the books of the bank, by means of which the Tomey account was overcharged to the amount of $2,064.38, which overcharge was made up, and the books made to balance, by the deposit of two checks drawn and signed in the name of John Tomey, but in the handwriting of appellant. Clearly, this evidence shows affirmative acts on the part of appellant which tend to prove a concealment from the bank of the cause of action as averred in the complaint.

Appellant complains of some rulings of the trial court on the admission of evidence. For the most part, the exceptions to the rulings were not properly saved. It is not necessary, however, to consider these rulings and determine if any of them is erroneous, for the reason that it appears from the legitimate evidence shown by the record to have been admitted that appellant has received substantial justice; that the correct result has been reached. *Deep Vein Coal Co.* v. *Ward, Admx.* (1919), 70 Ind. App. 161, 123 N. E. 228; *Harris* v. *Randolph County Bank* (1901), 157 Ind. 120, 138, 60 N. E. 1025.

Affirmed.