Robert EARLEY, by and through his father and next friend, Charles Earley, Plaintiff-Appellant,

v.

LOUISVILLE & NASHVILLE RAILROAD CO., a corporation, and Jimmy Dowdle, Defendants-Appellees.

No. 75–1161.

United States Court of Appeals, Seventh Circuit.

Argued May 27, 1975.

Decided June 13, 1975.

---

John C. Webster, Alton, Ill., for plaintiff-appellant.

Harry J. Sterling, Belleville, Ill., for defendants-appellees.

Before TUTTLE, *Senior Circuit Judge,** and CUMMINGS and STEVENS, *Circuit Judges.*

STEVENS, *Circuit Judge.*

Plaintiff appeals from the dismissal of his complaint as barred by the Illinois Statute of Limitations. Suit was commenced within the period permitted by the law as it existed at the time the cause of action accrued. The question is whether subsequent statutory amendments shortened the period so as to bar the claim.

Plaintiff was injured on July 22, 1971; he was then 17 years old. He brought suit on January 31, 1974, when he was 20 years old. The action was thus not commenced within two years after the claim arose, as required by the statute generally applicable to personal injury claims;[1] nor was it commenced within two years after plaintiff attained the legal age of 18, as permitted by the special statute applicable to claims arising while the plaintiff was a minor, or under other disability.[2] Thus, under the statutes in effect at the time the complaint was filed, the claim appears to be barred.

Plaintiff advances alternative arguments for disregarding the plain language of the present statutory scheme.

First, he correctly points out that when his claim arose, the law provided that he would be entitled to bring his action at any time before he attained the age of 23.[3] He contends that subsequent amendments should not be construed to

---

* Senior Circuit Judge Elbert P. Tuttle of the United States Court of Appeals, Fifth Circuit, is sitting by designation.

1. Ill.Rev.Stat. ch. 83, § 15.

2. Ill.Rev.Stat. ch. 83, § 22, as amended effective July 1, 1972, provides:

"If the person entitled to bring an action, mentioned in the 9 preceding Sections, is, at the time the cause of action accrued, within the age of 18 years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed."

3. Prior to its amendment effective July 1, 1972, *see* n. 2, *supra,* § 22 read as follows:

"If the person entitled to bring an action, mentioned in the nine preceding sections, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed."

shorten that period; otherwise, he argues, his right to sue has been "retroactively" impaired. But surely the General Assembly had the power to shorten the period of limitations assuming, of course, that potential plaintiffs affected by the statutory change had a fair opportunity to assert their claims after the effective date of the amendment. In Illinois the relevant amendment to the Limitations Act took effect on July 1, 1972, while plaintiff was still 18.[4] He then had well over a year after the amendment in which to commence his action. We do not think that applying the plain language of the statute to his claim gives the legislation any "retroactive" effect.[5]

■ Second, plaintiff argues that the "disability" referred to in the statute was removed on July 1, 1972, when the amendment became effective, and that his action is timely because brought within two years of that date. We think it plain, however, that the disability was removed when he attained the age of 18. That is what the Limitations Act itself seems to say.[6] And it is clearly the meaning conveyed by the amendment to the Probate Act which became effective on August 24, 1971, and which unambiguously states that all "[p]ersons of the age of 18 shall be considered of legal age for all purposes [with one irrelevant exception]." [7] His complaint was filed more than two years after that amendment became effective, as well as more than two years after his 18th birthday.

Affirmed.

4. His 18th birthday was on October 22, 1971.

5. It should be noted that acceptance of plaintiff's first argument would mean that a male infant injured before July 1, 1972, would be entitled to bring his action at any time before his 23rd birthday—possibly, therefore, as late as June of 1995. The General Assembly can hardly have intended to delay so long the effectuation of its purpose to eliminate disparate treatment of male and female litigants.

6. See note 2, supra. Quite clearly, the term "disability" as applied to minors refers to the Illinois rule that a minor may not commence legal proceedings in his own name, but rather must be represented by a person of legal age. See Judge Kiley's opinion in Stanczyk v. Keefe, 384 F.2d 707 (7th Cir. 1967), and cases

cited at page 708. Plaintiff was not under that disability at any time after his 18th birthday.

7. Ill.Rev.Stat. ch. 3, § 131, as amended effective August 24, 1971, reads as follows:

"Persons of the age of 18 shall be considered of legal age for all purposes, except that of the Illinois Uniform Gifts to Minors Act, and until this age is attained, they shall be considered minors."

Prior to its amendment, this section had provided:

"Males of the age of twenty-one and females of the age of eighteen years shall be considered of legal age for all purposes, except as provided in the Illinois Uniform Gifts to Minors Act, enacted by the Seventy-First General Assembly; and until these ages are attained, they shall be considered minors."