**Toni Lynn D'ANDREA,
Plaintiff-Appellant,**

v.

**MONTGOMERY WARD & COMPANY,
INC., Defendant-Appellee.**

**No. 77–1567.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 20, 1978.

Decided March 2, 1978.

Thomas H. Singer, South Bend, Ind., for plaintiff-appellant.

Timothy W. Woods, South Bend, Ind., for defendant-appellee.

Before SWYGERT, CUMMINGS and TONE, Circuit Judges.

SWYGERT, Circuit Judge.

In this diversity action we must determine whether the 1973 amendment to the Indiana legal disability statute reducing the age of minority bars plaintiff's claim. We hold that it does not.

Plaintiff-appellant Toni Lynn D'Andrea filed this action to recover damages for personal injuries which she alleged were sustained from a defective product sold by the defendant Montgomery Ward & Company, Inc. The district court granted a summary judgment for the defendant on the ground that plaintiff's claim was barred by the Indiana statute of limitations. Because we conclude that the plaintiff timely commenced her action, we reverse the judgment of the district court.

I

The plaintiff was born on December 4, 1952. She received the alleged injuries on November 23, 1958, shortly before her sixth birthday. She filed her complaint in this action on February 14, 1975. Under Indiana law existing at the time of her injury, plaintiff had two years after her twenty-first birthday in which to file her suit.[1] As the plaintiff turned twenty-three on December 4, 1975, this action was timely commenced according to that law.

On July 26, 1973, when the plaintiff was twenty years of age, the age of minority for purposes of disability was reduced from

1. Ind.Code § 34–1–2–5 provides that persons under legal disabilities have two years after the disability is removed in which to file their action. At the time of plaintiff's injuries, persons under legal disabilities were defined as "persons within the age of twenty-one [21] years . . . .." Ind.Code § 34–1–67–1.

twenty-one to eighteen years.[2] Under the law as amended, a minor now has until his twentieth birthday (rather than his twenty-third) in which to file an action.

Because the plaintiff had already attained the age of twenty years on July 26, 1973, the effective date of the amendment, her claim was not time barred on that date.[3] The defendant does not contend to the contrary.[4] It has been settled law in Indiana as early as 1877 that although a legislature may shorten the period of limitations, it must afford potential plaintiffs affected by the statutory change a reasonable opportunity to file suit after the effective date of the amendment. *Dale v. Frisbie,* 59 Ind. 530, 532 (1877); *Wilmont v. City of South Bend,* 221 Ind. 538, 543, 48 N.E.2d 649, 651 (1943); *Sansberry v. Hughes,* 174 Ind. 638, 640, 92 N.E. 783, 784 (1910). *See also Terry v. Anderson,* 95 U.S. 628, 633, 24 L.Ed. 365 (1877). Defendant argues, however, that a reasonable time is something less than two years. Specifically, it contends that although one year after the effective date of the amendment would be reasonable, the eighteen months it took plaintiff to file her complaint was unreasonable.

■ We need not engage in the difficult and speculative task of determining what is a reasonable time absent statutory guidance. Our answer is readily found in the Indiana statutes. Ind.Code § 34–1–2–5 provides:

> Any persons, being under legal disabilities when the cause of action accrues, may bring his action within two (2) years after the disability is removed.

Under this statute a person gets two years after the disability ceases in which to enforce his legal claim. *King v. Carmichael,* 136 Ind. 20, 29, 35 N.E. 509, 512 (1893); *Lehman v. Scott,* 113 Ind. 76, 77, 14 N.E. 914, 915–16 (1887).

■ Plaintiff's disability here was removed by legislative act on July 23, 1973 when the amendment became effective. This amendment did not shorten a limitation period but only changed the age at which disability due to infancy was removed. Once the disability was removed, the two-year grace period remained during which an action could properly be brought. As this action was commenced on February 14, 1975, it was timely because it was brought within the two-year grace period.

## II

The district court's decision was based on this court's opinion in *Earley v. Louisville & Nashville R R Co.,* 518 F.2d 55 (7th Cir. 1975). That case, a diversity action arising in Illinois, presented a similar limitations question; however, as defendant concedes, *Earley* is not dispositive of the case at bar. There, as here, the Illinois legislature, by amending its disability statute, reduced the age of majority from twenty-one to eighteen years. This statutory change was made fifteen months prior to the plaintiff's twentieth birthday.

The critical date in *Earley,* however, was not July 1, 1972, the effective date of the amendment to the Illinois disability statute. *Earley's* disability was not removed by that amendment. Rather, it had been removed earlier on August 24, 1971 by an amendment to the Illinois Probate Act which provided that "[p]ersons of the age of 18 shall be considered of legal age for all purposes . . . ." *See* 518 F.2d at 57 n. 7. Because Earley had not filed his suit within the two-year grace period (provided in the disability act) after the effective date of the amendment to the Probate Act, we held that he was barred from asserting his cause of action. Subsequent Illinois decisions

---

**2.** Ind.Code § 34–1–67–1, Acts 1973, P.L. 313, § 3. This change was made by amending the definition of disability; the general disability statute, Ind.Code § 34–1–2–5, was not changed.

**3.** It has been held violative of due process for a legislature to remove immediately the right to enforce a legal right. *Sohn v. Waterson,* 17

Wall. 596, 84 U.S. 596, 599, 21 L.Ed. 737 (1873); *Guthrie v. Wilson,* 240 Ind. 188, 195, 162 N.E.2d 79, 82 (1959).

**4.** Such a contention would create the absurd result of requiring the plaintiff to have commenced her action before the amendment was enacted.

have followed this construction of these Illinois statutes. *Goodwin v. Goldstein,* 46 Ill. App.3d 704, 5 Ill.Dec. 128, 361 N.E.2d 128 (1977); *Kitching v. Ridings,* 45 Ill.App.3d 555, 4 Ill.Dec. 203, 359 N.E.2d 1155 (1977); *Fisk v. Shunick,* 37 Ill.App.3d 81, 345 N.E.2d 194 (1976).

The judgment is reversed and the cause is remanded for further proceedings.