DONALD RUSH *v.* KATHERINE A. LEITER.

[No. 1070A169. Filed July 26, 1971.]

*Jerrald A. Crowell, Dick E. Tetters, Bowman, Crowell & Swihart,* of Fort Wayne, for appellant.

*Jesse A. Brown, Brown & Brown,* of Rochester, for appellee.

SHARP, J.—This action was commenced by the filing of a complaint for conversion of personal property by the plaintiff-appellee, Katherine A. Leiter, against the defendant-appellant, Donald Rush. The complaint on which this suit was brought alleges that on or about April 1, 1960, the plaintiff was the owner of certain personal property consisting of farm produce and farm livestock of the value of $12,000.00, that on or about said day the defendant sold part thereof and carried the rest away, and the plaintiff asks judgment against the defendant for $12,000.00 damages. This complaint was filed January 17, 1966.

The defendant responded to the plaintiff's complaint by filing an answer in abatement, setting out in such answer that the plaintiff had filed a complaint against the same defendant in the Fulton Circuit Court on May 15, 1961, that on February 21, 1964, the Fulton Circuit Court dismissed the action for failure to prosecute, that plaintiff had not taken any action to set aside the dismissal, and that more than two years had elapsed since the time of plaintiff's claim of conversion and the filing of this suit.

The court overruled the plea in abatement and heard the case on its merits. On October 14, 1969, the court entered judgment for plaintiff in the sum of $2,255.04 plus costs.

From this judgment defendant-appellant appealed alleging three errors:

1. That the action was barred by the statute of limitations.
2. That the action brought by the plaintiff in the Miami Circuit Court was barred by a previous dismissal of a similar action brought by the same plaintiff against the same defendant and involving the same subject matter in the Fulton Circuit Court for lack of prosecution.
3. That the judgment of the court was not supported by sufficient evidence and was contrary to law.

It is the basic contention of the defendant-appellant that an action for damages arising out of the conversion of personal

property must be brought within two years from the date when the injuries were sustained. Defendant-appellant relies on Ind. Ann. Stat. § 2-602 (Burns 1967), I. C. 1971, 34-1-2-2, which reads in pertinent part as follows:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

First. For injuries to person or character, for injuries to personal property * * * within two [2] years."

There are two other relevant statutes with regard to limitation of actions. They are Ind. Ann. Stat., § 2-601 (Burns 1967), I. C. 1971, 34-1-2-1, and Ind. Ann. Stat, § 2-603 (Burns 1967), I. C. 1971, 34-1-2-3, which in pertinent parts read as follows:

"§ 2-601. The following actions shall be commenced within six [6] years after the cause of action has accrued and not afterwards. * * *

Third. For injuries to property other than personal property, damages for any dentention thereof, and for recovering possession of personal property.

§ 2-603. All actions not limited by any other statute shall be brought within fifteen [15] years."

Since this case involves damages for conversion (resembling the common law action of Trover) and not for the recovery of the personal property, § 2-601 is inapplicable.

The question now becomes whether the term "injury to personal property" as found in § 2-602 is broad enough to include an action for damages arising out of the conversion of personal property. This specific question is one of first impression and we are asked to make a judicial determination as to the appropriate statute of limitations for such actions.

Plaintiff-appellee urges this court to adopt the narrow and restrictive view of the contested phrase, thereby limiting its applicability to direct physical injury to tangible chattel property as distinguished from violations to rights in or to personal

property or arising out of such injury. With this construction we cannot agree.

This court, in *Hunter* v. *Cronkhite,* 9 Ind. App. 470, 471, 142 N. E. 717 (1893), adopted the following definition of conversion from 4 Am. & Eng. Ency. of Law, p. 108:

> "Conversion consists, as a tort, either in the appropriation of the personal property of another to the party's own use and benefit, *or in its destruction,* or in exercising ■ dominion over it, *in exclusion and defiance of the rights of the owner* or *lawful possessor,* or in withholding it from possession, under a claim and title inconsistent with the owner's." (our emphasis)

See also, *Prudential Ins. Co.* v. *Thather,* 104 Ind. App. 14, 20 N. E. 2d 574 (1937), and *Sullivan and O'Brien, Inc.* v. *Kennedy,* 107 Ind. App. 457, 25 N. E. 2d 267 (1939).

The term "personal property" is susceptible to two distinct interpretations. First, the courts of several states have limited the term so that it embraces only goods and chattels. The second interpretation is much broader and includes not only the thing itself but all the rights and interests of the owner. The State of Indiana by its Supreme Court has adopted the second, broader definition. In *Dept. of Financial Inst.* v. *General Finance Corp.,* 227 Ind. 373, 384, 86 N. E. 2d 444 (1949), it stated:

> "Property is more than the mere thing which a person owns. It is elementary that it includes the right to acquire, use and dispose of it. The Constitution protects these essential attributes of property. Holden v. Hardy, 169 U. S. 366, 391, 42 L. Ed. 780, 790, 18 S. Ct. 383. Property consists of the free use, enjoyment, and disposal of a person's acquisitions without control or diminution save by the law of the land. 1 Cooley's Blackstone's Commentaries 127. Buchanan v. Warley (1917), 245 U. S. 69, 74, 62 L. Ed. 150, 161, 38 S. Ct. 16, *supra.* Valid contracts are property, whether the obligor be a private individual, a municipality, a State or the United States. Lynch v. United States (1934), 292 U. S. 571, 78 L. Ed. 1434, 1440, 54 S. Ct. 840."

Also, in *Dept. of Financial Inst.* v. *Holt,* etc., 231 Ind. 293, 303, 108 N. E. 2d 629 (1952), our Supreme Court, relying on *General Finance, supra,* stated:

> "Property is more than the physical object which a person owns. It includes the right to acquire, possess, use and dispose of it without control or diminution save by the law of the land."

The above definition given to property in general should apply with equal weight to one of its two principal sub-categories, namely, personal property. This view is supported by case law which defines personal property as chose in action.

Our Supreme Court in *Graf* v. *City Transit Co.,* 220 Ind. 249, 252, 41 N. E. 2d 941 (1942), stated:

> "An action for loss of services is for a property right and should be classed as an action 'for injuries to property' rather than as one for 'injuries to person.'"

In *Merritt* v. *Economy Dept. Store, Inc.,* 125 Ind. App. 560, 564, 128 N. E. 2d 279 (1955), this court, relying on *Graf, supra,* stated

> "Our conclusion is that a husband's action for expenses incurred and loss of services occasioned by his wife's injuries was a chose in action and thus personal property and would be governed by the statute of limitations of two years from the date of the injury."

While the above cited cases do not deal directly with the tort of conversion, they do establish clearly that § 2-602 is not to be limited only to direct injury to chattels, but also incorporates violations to a person's rights and interests in or to such property. It is also evident that conversion of personal property is a violation of the true owner's rights in the same and the owner's action for damages arising out of the conversion is a chose in action and thus personal property, *Merritt, supra.* Our conclusion that the two years statute of limitations for actions for "injury to personal property" is

applicable to this case and since this action was not commenced until almost four years after the last possible date of conversion (there being considerable confusion in the record as to the exact year, let alone date, of the conversion), it is barred by said statute.

We are aware that the present decision creates somewhat of an anomaly in that an action to recover personal property can be brought up to six years after the taking but an action for damages for conversion of personal property must be brought within two years. At common law the tort of conversion was amenable to two alternative remedies, Trover, which resulted in a forced judicial sale of the property, and, replevin, which was for the recovery of the specific goods. Many states have recognized the duality of remedies available for the tort of conversion and have created the same statutory limitation on actions as to both remedies. But the enactment of limitations on actions are within the province of the legislature and not subject to our jurisdiction. However, the interpretations of such statutes of limitation is within our province.

It is our conclusion that this action is governed by the two year statute of limitations and that it was not commenced within said period. There is no need to discuss the remaining allegations of error.

The decision in this case is hereby reversed and the trial court is instructed to enter judgment for the defendant-appellant.

Reversed.

Hoffman, C.J., Staton and White, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 505.