Margaret E. FRENCH, Appellant
(Plaintiff Below),

v.

HICKMAN MOVING AND STORAGE
and Bekins Van Lines Co., Appellees
(Defendants Below).

No. 3–177A21.

Court of Appeals of Indiana,
Third District.

March 3, 1980.

Peter W. Bullard, John C. Dibble, Lafayette, for appellant.

Vincent P. Campiti, Crumpacker, May, Searer, Oberfell & Helling, South Bend, for appellee Bekins Van Lines Co.

HOFFMAN, Judge.

This action was instituted on May 25, 1976 when plaintiff-appellant Margaret E. French filed her complaint against defendants-appellees Hickman Moving and Storage and Bekins Van Lines Co. In her complaint, she alleged that on October 29, 1971, plaintiff and defendant Hickman entered into an agreement whereby certain antiques and other household furnishings owned by the plaintiff were to be stored by defendant Hickman; that on February 29, 1973 defendant Hickman sold the bailed property without giving the plaintiff notice of the sale and thereby converted the property; that the property converted was valued at $25,000; and that the plaintiff was entitled to compensatory and punitive damages.

Defendants responded to the plaintiff's complaint by filing motions to dismiss pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6) on the grounds that more than two years had elapsed from the time that plaintiff's claim of conversion arose and the filing of the suit. The parties filed support-

ing affidavits and memoranda prior to the trial court's ruling on the motions to dismiss.[1] The trial court found that the plaintiff's claim was barred by the statute of limitations and granted defendants' motions.

The two issues raised on this appeal are:

(1) whether the trial court erred in denying plaintiff's motion to strike an affidavit filed in support of defendants' motions to dismiss; and

(2) whether the trial court erred in granting defendants' motions to dismiss.

Plaintiff contends that the trial court erred in failing to strike the affidavit of Marjorie Hickman.[2] Plaintiff moved to strike the affidavit as being in violation of

1. Where matters outside the pleadings are considered by the trial court, a motion to dismiss shall be treated as a motion for summary judgment. Ind. Rules of Procedure, Trial Rule 12(B)(8).

2. The affidavit of Marjorie Hickman reads as follows:

"Marjorie Hickman, being first duly sworn says:
"1.   That she is an adult person and resident of Kosciusko County, Indiana;
"2.   That she is co-owner and bookkeeper of Hickman Moving and Storage, defendant in the above entitled cause, and is familiar with the operations and accounts of said company;
"3.   That on or about October 22, 1971, plaintiff contacted affiant in regard to moving and storing certain household furnishings of plaintiff's;
"4.   That after October 22, 1971, and before October 29, 1971, affiant went to the plaintiff's cottage on Lake Wawasee, Kosciusko County, Indiana, where she was informed by plaintiff of which items of households furnishings were to be stored by defendant and which items of household furnishings were not to be moved or stored;
"5.   That affiant was given the key to plaintiff's cottage in order to obtain the household furnishings of plaintiff's to be stored;
"6.   That it was agreed between affiant and plaintiff that after defendant's employees had moved and stored plaintiff's household furnishings, that plaintiff would come to defendant's warehouse to inventory the household goods;  sign a written contract between defendant and plaintiff and to receive the key to plaintiff's cottage;

Ind. Rules of Procedure, Trial Rule 56(E) which requires that supporting affidavits, to be sufficient, must be made on personal knowledge;  must show that the affiant is competent to testify to the matters included;  and must set forth such facts as would be admissible into evidence.  Plaintiff argues that the affidavit is nonconforming because there is no allegation that the affiant had personal knowledge of the averments and because the affidavit contains facts not shown to be within the affiant's personal knowledge.

[1]  When the contents of an affidavit supporting or opposing a motion for summary judgment show that the material parts thereof are statements of the affiant's personal knowledge, the mandate of TR.

"7.   That the household goods designated by plaintiff were moved by defendant and stored in defendant's warehouse on October 29, 1971;
"8.   That plaintiff was not at her cottage when the household goods were moved;
"9.   That plaintiff never returned to defendant's warehouse, no inventory was made of plaintiff's household furnishings and no written contract was executed between plaintiff of (sic) defendant;
"10.   That various statements were addressed and sent to plaintiff at plaintiff's last known address, postage prepaid, at 1151 South River Road, West Lafayette, Indiana 47906, between October 29, 1971 and September 6, 1972, and that no response to said statements nor payment was received by defendant from plaintiff;
"11.   That a letter demanding payment and giving notice of intent to sell was sent to plaintiff at plaintiff's last known address, 1151 South River Road, West Lafayette, Indiana 47906, on September 6, 1972 by certified mail by affiant;
"12.   That said certified letter was returned to affiant on October 4, 1972;
"13.   That defendant has had a listing in the telephone directory of the United Telephone Co. of Indiana, Inc., Warsaw, Indiana, and its yellow pages at all times pertinent hereto;
"14.   That items of plaintiff's household furnishings were sold on February 29, 1973 and from such sale defendant received approximately three hundred forty dollars ($340.00);
"15.   That plaintiff did not communicate with defendant not affiant between October 29, 1971 and November 10, 1975."

56(E) as to personal knowledge is met even though the affidavit does not contain a recital to that effect. *See: Midland Engineering Co. v. John A. Hall Const. Co.* (N.D. Ind.1975), 398 F.Supp. 981; *Hay v. Duskin* (1969), 9 Ariz.App. 599, 455 P.2d 281; *Hoffer v. Wetzel* (1964), 95 Ariz. 384, 390 P.2d 911. Thus, the absence of a prefatory remark in the Hickman affidavit averring personal knowledge is not fatal because, as will be discussed, its contents show that the material parts are statements within her personal knowledge.

Plaintiff also maintains that the following paragraphs of the affidavit are objectionable because the facts alleged were not shown to be within the affiant's personal knowledge:

"7. [t]hat the household goods designated by plaintiff were moved by defendant and stored in defendant's warehouse on October 29, 1971;

"8. [t]hat plaintiff was not at her cottage when the household goods were moved;

"9. [t]hat plaintiff never returned to defendant's warehouse, no inventory was made of plaintiff's household furnishings and no written contract was executed between plaintiff of (sic) defendant:

"10. [t]hat various statements were addressed and sent to plaintiff at plaintiff's last known address, postage prepaid, at 1151 South River Road, West Lafayette, Indiana 47906, between October 29, 1971 and September 6, 1972, and that no response to said statements nor payment was received by defendant from plaintiff;

\*　\*　\*　\*　\*　\*

"14. [t]hat items of plaintiff's household furnishings were sold on February 29, 1973 and from such sale defendant received approximately three hundred forty dollars ($340.00);

"15. [t]hat plaintiff did not communicate with defendant nor affiant between October 29, 1971 and November 10, 1975."

The affidavit may be considered only if the information contained therein would be admissible at trial. Accordingly, all portions of the affidavit which cannot be said to have been clearly based upon personal knowledge must be stricken. *Podgorny v. Great Central Ins. Co.* (1974), 160 Ind.App. 244, 311 N.E.2d 640.

■ Based upon her averments of familiarity with the operations and accounts of the business, as well as the fact that she was co-owner and bookkeeper of the company, it may be concluded that the contents of Hickman's affidavit show that she possessed the requisite knowledge regarding all the statements in the affidavit with the exception of paragraph (8). Since nothing in her affidavit indicates that the affiant was at the plaintiff's cottage when the furnishings were removed, it must be presumed that she had no personal knowledge as to whether the plaintiff was present at that particular time.

It was error not to strike paragraph (8) from the affidavit since it was inadmissible hearsay. Insofar as plaintiff has not demonstrated in what manner she was prejudiced by that paragraph, the error was harmless. The remaining portions of the affidavit adequately supported the motions to dismiss.

■ Plaintiff also challenges the propriety of granting defendants' motions to dismiss (hereinafter treated as motions for summary judgment). When ruling on a motion for summary judgment, the trial court's inquiry is limited to determining whether or not there is any genuine issue of material fact. *Tabani v. Hester* (1977), Ind. App., 366 N.E.2d 193. In reviewing the propriety of a summary judgment, the materials on file are to be liberally construed in favor of the opponent of the motion, and any doubt as to the existence of a genuine

issue of material fact must be resolved against the proponent of the motion. *Collins v. Dunifon* (1975), 163 Ind.App. 201, 323 N.E.2d 264.

[4]   In the case at bar, defendants challenge the complaint on the basis that the conversion claim is barred by the statute of limitations.   An action for conversion is governed by the two-year statute of limitations provided for in IC 1971, 34–1–2–2 (Burns Code Ed.).   *Rush v. Leiter* (1971), 149 Ind.App. 274, 271 N.E.2d 505.   Plaintiff, on the other hand, asserts that (1) whether plaintiff had actual or constructive notice of defendants' conversion;   (2) whether plaintiff was diligent in demanding a return of her property;   (3) whether defendants concealed the plaintiff's conversion claim from her;   and (4) whether the defendants breached a duty of fairness and honest dealing owed to the plaintiff, presented factual controversies precluding summary judgment.

With respect to plaintiff's first assertion of a factual controversy, it is evident that the parties dispute when plaintiff received notice of defendants' conversion.   Plaintiff alleges that despite her efforts to contact Hickman Moving and Storage in 1971 and 1972, she did not receive any communication from the defendant until November 13, 1975, nearly 2½ years after the sale of the property.   Defendants, however, submit that they sent notices and billings to plaintiff for almost one year from the date of storage demanding payment of warehouse charges.   Defendants also claim to have sent a certified letter to plaintiff on September 6, 1972 advising her that unless she paid the charges, her property would be sold.   However, that certified letter, according to plaintiff's view, failed to comply with the statutory requirements of notice provided in IC 1971, 26–1–7–210 (Burns Code Ed.).[3]

[5]   Although the parties contest when plaintiff had notice of the sale, the determi-native element for summary judgment purposes is whether notice is a material fact in the case.   A material fact is one which may be dispositive of the litigation.   *Hayes v. Second Nat. Bank of Richmond* (1978), Ind. App., 375 N.E.2d 647.

[6]   Plaintiff suggests that notice is material if the court adopts the position that her cause of action commences to run from the time she has actual or constructive notice of the conversion.   She asserts that, in a bailment for an indefinite time, the bailor should be entitled to rely on the expectation that the property will be stored by the bailee pursuant to the terms of the bailment agreement.

The rule embraced by the courts of this state is that the statute of limitations begins to run at the time when a complete cause or right of action arises or when a person becomes liable to an action.   *Keilman, Tr. v. City of Hammond* (1953), 124 Ind.App. 392, 114 N.E.2d 813.   This general rule has been interpreted to mean that the statute commences to run when the injurious action occurs though the plaintiff may not learn of the act until later.   *Guy v. Schuldt et al.* (1956), 236 Ind. 101, 138 N.E.2d 891.

[7]   The tort of conversion consists of the exercise of dominion over personal property to the exclusion and in defiance of the rights of the owner or withholding it from his lawful possession under a claim of title inconsistent with the owner's title. *Monarch Buick Company, Inc. v. Kennedy* (1965), 138 Ind.App. 1, 209 N.E.2d 922. When the bailee, Hickman Moving and Storage, sold the property, this act was an exercise of control over the property to the exclusion of the plaintiff's rights.   Accordingly, the injury to her property occurred when the property was converted and the statute of limitations started to run at that time.   *Rush v. Leiter, supra.*   Notice to the plaintiff was therefore immaterial.

---

3.   IC 1971, 26–1–7–210 provides for certain notice procedures to be followed before a ware-

houseman may sell bailed property in order to satisfy a lien.

█ Plaintiff also urges that whether she was diligent in demanding a return of her property was a genuine issue of material fact which ought to be resolved at trial. The requirement of demand is necessary only as evidence of wrongful conversion where the defendant came into possession of the property lawfully. *Prudential Ins. Co. v. Thatcher* (1936), 104 Ind.App. 14, 4 N.E.2d 574. Where, as was admittedly true in the present case, a party clearly converts the property to his own use, no demand is necessary. *Bunger v. Roddy* (1880), 70 Ind. 26. For this reason, the issue of plaintiff's diligence in demanding a return of her property was superfluous and presented no obstacle to granting summary judgment.

█ The next issue which must be considered is whether the running of the statute of limitations was tolled by a fraudulent concealment of plaintiff's claim by defendants. An exception to the rule that the statute of limitations commences to run immediately upon a wrongful conversion of the subject of a bailment is where the conversion has been fraudulently concealed from the knowledge of the bailor. *Charters v. Citizens Nat. Bank* (1925), 84 Ind.App. 15, 145 N.E. 517.

█ Ordinarily, to remove a case from the operation of the statute of limitations because of concealment of the cause of action, there must be some affirmative act which amounts to more than passive silence. The acts relied upon must have been employed to prevent inquiry or elude investigation, or calculated to mislead and hinder the plaintiff from obtaining information, by the use of ordinary diligence, that a right of action exists. *State, ex rel., v. Jackson* (1913), 52 Ind.App. 254, 100 N.E. 479.

While the plaintiff concedes that the defendant in the instant case did not take any acts of an affirmative character to deceive her into believing that no cause of action existed, she argues that the defendants should be estopped to rely on the statute of limitations as a defense because they were under an affirmative duty to notify her of the sale of her property. As authority for her position, she cites *Guy v. Schuldt, supra,* in which the court opined, "[W]here a fiduciary or confidential relationship exists, such as physician-patient, there exists a duty to disclose material information between the parties and a failure to do so results in concealment." 138 N.E.2d at 895. The *Guy* court then quoted from 53 C.J.S. *Limitations of Actions* § 25 pp. 962, 964. "Thus the estoppel to plead limitations may arise from agreement of the parties or from the defendant's conduct or even from his silence when under an affirmative duty to speak." 138 N.E.2d at 895.

█ However, *Guy* is inapposite to the present case since it involves a confidential relationship between physician and patient. While it is inherent in the nature of a bailment that a certain degree of confidence be reposed in the bailee with respect to the care and custody of the bailed property, generally that attribute alone does not establish a confidential relationship between the parties. *See:* 8 Am.Jur.2d, *Bailments,* § 18, p. 922. In the instant case, plaintiff has not demonstrated how the relation of the parties differed from that found in any ordinary bailment. As a result, no confidential relationship can be found to exist between the parties so as to give rise to a duty on the part of defendants to notify plaintiff of her cause of action for conversion. Hence, no issue of material fact is raised with respect to plaintiff's charge of fraudulent concealment.

█ Plaintiff also contends that defendants should be equitably estopped to rely on the statute of limitations because they breached a duty of honest dealing owed to her by failing to notify her that her property had been sold. This argument is predicated on language in *Marcum v. Richmond Auto Parts* (1971), 149 Ind.App. 120, 270 N.E.2d 884, where the court quoted from *Howard v. West Jersey & S.S.R. Co.* (1928), 102 N.J.Eq. 517, 141 A. 755:

" '[T]he test appears to be whether in all the circumstances of the case conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; whether the author of a proximate cause may justly repudiate its natural and reasonably anticipated effect; fraud, in the sense of a court of equity, properly including all acts, omissions, and concealments which involve a breach of legal or equitable duty, trust, or confidence, justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another.

\* \* \* \* \* \*

" 'While it cannot be said to be ordinarily any part of duty to apprise an adversary of his rights, it must be recognized that one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought.' "

In *Marcum*, the court applied the doctrine of equitable estoppel against the defendant-insurer where the plaintiff had alleged that the insurer induced him to defer commencement of his personal injury claim until the statute of limitations had expired.

Assuming arguendo that defendants did breach the duty of honest dealing in the instant case, the doctrine of equitable estoppel cannot preclude them from relying on the statute of limitations because plaintiff has not alleged that the breach of this duty induced her to delay the bringing of her action or misled her in discovering the cause of action. Consequently, no issue of material fact is raised by this alleged breach of duty.

Lastly, plaintiff argues that the trial court erred in dismissing her claim because the complaint stated a right to relief for breach of a bailment contract. Actions based on contracts not in writing are subject to a six-year statute of limitations. IC 1971, 34–1–2–1 (Burns Code Ed.). Since six years had not elapsed between the date when the property was sold and the date when the suit was filed, plaintiff contends that the complaint could not be dismissed on statute of limitation grounds.

In *Cordial v. Grimm* (1976), Ind.App., 346 N.E.2d 266, the court was confronted with an analogous situation. There, the plaintiff while conceding that his legal malpractice action had many characteristics of a tort claim, attempted to characterize his cause of action as a breach of contract thereby rendering applicable the longer statute of limitations pertaining to contracts not in writing. Pursuant to Ind. Rules of Procedure, Trial Rule 8(A), the plaintiff alleged in his original and amended complaints the operative facts constituting the alleged malpractice and omitted any reference to his legal theory of the action. The court held:

"In ruling on appellees' motion for summary judgment, however, the trial court was required to determine what statute of limitations was applicable to the cause of action stated by appellant by determining the legal basis of the action.

"It is proper for a trial court to make such a determination in order to determine what law is applicable to a particular case. *Sickels v. Aetna Securities Co., supra* [220 Ind. 347, 41 N.E.2d 947]. As stated by Judge Dillin in the case of *Koehring Company v. National Automatic Tool Co.* (1966), 257 F.Supp. 282:

'The general rule is that, especially where forms of action have been abolished, as in Indiana, it is the nature or substance of the cause of action, rather than the form of the action, which determines the applicability of the statute of limitations. 53 C.J.S. Limitations of Actions § 33 P. 982.'

"Similarly, see, 51 Am.Jur.2d *Limitation of Actions* § 105, pp. 677–78."

346 N.E.2d at 269.

In the case at bar, it was necessary for the trial court to rule upon the legal nature

of the cause of action since the applicability of a statute of limitation to such cause of action was in question. The trial court ruled that the action sounded in conversion and was barred by the applicable statute of limitation, IC 1971, 34–1–2–2 (Burns Code Ed.).

The trial court was correct in so ruling because it is the alleged tortious damage to plaintiff's personal property which gave rise to her cause of action and it is for such damage that she sought relief.

> "In the light of the foregoing, the trial court could have properly concluded that the provision of IC 1971, 34–1–2–2, *supra*, limiting the commencement of actions for damage to personal property was applicable to appellant's cause of action, because such aspect of this case was the gravamen of the case. *See, Rush v. Leiter* (1971), 149 Ind.App. 274, 271 N.E.2d 505."

*Cordial v. Grimm, supra*, at 270.

The entry of summary judgment is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.