William EMERICK,
Defendant–Appellant,

v.

George BUCHONOK, Plaintiff–Appellee.

No. 71A03–8810–CV–304.

Court of Appeals of Indiana,
Third District.

July 3, 1989.

Patrick J. Higgins, Jr., Feeney, Stratigos & Higgins, South Bend, for defendant-appellant.

Edward C. Hilgendorf, South Bend, for plaintiff-appellee.

HOFFMAN, Judge.

Defendant-appellant William Emerick appeals from a judgment in favor of plaintiff-appellee George Buchonok in an action for damage to property and tortious conversion. The trial court awarded $1,124.00 to Buchonok as compensation for property damage and $16,739.00 as compensation for tortious conversion. This appeal challenges only the award of damages for tortious conversion.

The trial court entered findings of fact which are disputed by neither party and which may be summarized as follows. During 1982, Buchonok was the owner of a parcel of real estate located west of the Town of Walkerton in St. Joseph County. On that real estate, Buchonok had erected a metal sided, pole-type building which he used for his truck repair business.

In the fall of 1982, Emerick, an acquaintance of Buchonok, negotiated to buy the property for use in a truck reconditioning business. Buchonok offered to sell the property for $22,000.00. No contract was prepared and no money exchanged hands, but Emerick took possession of the building and began to use it for reconditioning truck tractors.

Buchonok continued to use the building for small repair jobs of his own. He left in the building his tools and a large number

of new and used truck parts, which tools and parts he had accumulated over the many years that he had been in business at that location. Buchonok never agreed to include any of the tools or parts in the proposed sale, and Emerick never suggested that they be part of the sale of the property.

Negotiations between Buchonok and Emerick broke down in December of 1982. On the morning of December 27, 1982, Buchonok discovered that the locks on the pole building had been changed and that he could not get inside the building. Buchonok confronted Emerick and demanded access to his tools and parts. Emerick responded that he had possession of the building and all its contents.

After mediation by the parties' attorneys, Emerick agreed to vacate the premises within 36 hours. Beginning on December 29, 1982 and continuing on December 30, 1982, Emerick removed the contents of the building. He took the equipment and personal property that he had moved into the building for use in reconditioning truck tractors as well as the tools, equipment and parts owned by Buchonok. Buchonok regained possession of the building on the evening of December 30, 1982.

Buchonok filed his complaint for tortious conversion on December 28, 1984. In his responsive pleading, Emerick raised the affirmative defense of the statute of limitations. The trial court ruled that Buchonok's claim was timely filed, because Emerick's misconduct was a "continuous series of acts which did not end until December 30, 1982." The dispositive issue before this Court may be phrased as follows:

If all of the elements necessary to prove the tort of conversion of personal property are present, can the running of the statute of limitations be tolled until the subsequent removal or destruction of the property under the theory that it is a continuing wrong.

■ The tort of conversion consists of the exercise of dominion over personal property to the exclusion and in defiance of the rights of the owner, or the withholding of personal property from the owner's lawful possession under a claim of title inconsistent with the owner's title. *French v. Hickman Moving & Storage* (1980), Ind. App., 400 N.E.2d 1384, 1388. When Emerick denied Buchonok access to his tools and truck parts on the ground that Emerick owned all of the tools stored in the building, Emerick was withholding personal property from Buchonok's lawful possession under a claim of title inconsistent with Buchonok's title. Emerick's conduct gave rise to a cause of action for conversion.

■ An action for conversion is governed by the two-year statute of limitations found in IND. CODE § 34–1–2–2 (1988 Ed.). *Rush v. Leiter* (1971), 149 Ind.App. 274, 279, 271 N.E.2d 505, 508. A claim for damages arising out of the conversion of personal property must be brought within two years from the date when the injury is sustained. *Id.* Injury occurs when the property is converted. *French, supra*, 400 N.E.2d at 1388. In the instant case, Buchonok's property was converted on December 27, 1982.

The trial court, however, considered Emerick's subsequent acts of removing the tools and truck parts from the premises. The court determined that Emerick's tortious conduct was a continuing wrong that did not cease until December 30, 1982, at which time the statute of limitations began to run.

■ Under the "continuing wrong" theory, the statute of limitations is tolled so that it does not commence running until the continuing wrongful act ceases. *Walters v. Rinker* (1988), Ind.App., 520 N.E.2d 468, 470. The theory has been recognized in a variety of cases involving injury to person or character.

*E.g., Rowe v. Gatke* (7th Cir.1942), 126 F.2d 61 (asbestosis case);

*Montgomery v. Crum* (1928), 199 Ind. 660, 161 N.E. 251 (action for damages by mother against father and father's relatives for abduction of child in violation of divorce decree);

*Ferrell v. Geisler* (1987), Ind.App., 505 N.E.2d 137 (medical malpractice action).

The "continuing wrong" theory has not been applied in cases involving injury to property, such as the instant case.

Moreover, an examination of the rationale behind the "continuing wrong" theory indicates that its application in the case at bar is inappropriate. The Indiana Supreme Court offered the following explanation as to why the running of the statute of limitations may be delayed when an entire course of conduct combines to produce an injury:

> "[T]he accrual of a cause of action, it must be remembered, depends upon the uniting of at least two elements—injury and damages.... The two-year statute of limitations will not begin to run as a shield against the consequences of wrongful acts until the wrong-doer thereby accomplishes an injury to the person of another, for which the law allows indemnity in the form of damages, that is to say, damages susceptible of ascertainment, for not until then would the cause of action accrue to invoke the statute." [Citations omitted.]

*Montgomery, supra,* 199 Ind. at 678–679, 161 N.E. at 258–259.

In the instant case, Emerick's conduct on December 27, 1982 resulted in injury to the personal property of Buchonok for which damages susceptible of ascertainment could be recovered. Specifically, Buchonok was entitled to recover the value of the converted goods. *Plymouth Fertilizer Co., Inc. v. Balmer* (1986), Ind.App., 488 N.E.2d 1129, 1140 (damages are measured by market value of the property at the time of conversion). The measure of damages did not change as a result of Emerick's subsequent behavior in removing Buchonok's personal property from the premises. Because the elements of injury and damages were united on December 27, 1982, the "continuing wrong" theory had no application. Buchonok's cause of action for tortious conversion accrued on December 27, 1982.

Buchonok did not file his complaint until December 28, 1984. As more than two years had elapsed from the time that Buchonok's claim for conversion arose to the filing of the suit, Buchonok's conversion claim was barred by the statute of limitations. Therefore, the judgment of the lower court awarding damages for tortious conversion is reversed.

RATLIFF, C.J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent for several reasons. First the trial judge made certain findings of fact which were essential to his judgment. The Majority's opinion has re-assessed the facts which is not our function on appeal. Secondly, Emerick's denial of entry to a building he had agreed to purchase has some color of right, since he had been allowed by the owner, Buchonok, to take possession without consummating the transfer of title. Therefore, denial of entry under color of right doesn't establish Emerick's intent to take Buchonok's tools on December 27. Later, the negotiations between Buchonok and Emerick's attorneys established the right to possession to the building only. When Emerick left with Buchonok's tools, the tort was manifestly established without a doubt, but until December 30, no tort could be clearly established.

The Majority's citing of *Montgomery v. Crum* (1928), 199 Ind. 660, 161 N.E. 251 does not preclude recovery of damages by Buchonok. To the contrary, the actual taking of the tools by Emerick established the injury and damages. Buchonok had given Emerick possession of the building and a license to exclude others from the premises.

The trial judge heard the evidence and made his findings of fact. Those findings of fact support his judgment. I would affirm the trial court.