George **BUCHONOK**, Petitioner (Appellee–Plaintiff below),

v.

William **EMERICK**, Respondent (Appellant–Defendant below).

No. 71S03–9008–CV–569.

Supreme Court of Indiana.

Aug. 30, 1990.

Edward C. Hilgendorf, South Bend, for petitioner.

Patrick J. Higgins, Jr., Feeney, Stratigos & Higgins, South Bend, for respondent.

## ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Third District Court of Appeals. In an opinion reported at 540 N.E.2d 142, the Court of Appeals reversed the trial court's compensatory damage award of $16,739.00 for tortious conversion of property for reason that Petitioner George Buchonok's complaint was not filed within the applicable two (2) year statute of limitations period. Because we find that the Court of Appeals improperly reweighed the evidence presented before the trial court, we now grant transfer, vacate the opinion of the Court of Appeals and reinstate the judgment of the trial court.

The trial court made a number of specific findings of fact which we restate as follows. During 1982, Buchonok owned a certain parcel of real estate which he had owned for more than twenty (20) years. Buchonok erected a metal-sided building on said real estate in 1962. The building had a twelve (12) inch thick concrete floor capable of holding large truck tractors and tools. Buchonok ran a truck repair business, Triangle Truck Service, out of this building for a number of years. In addition, Buchonok owned and operated truck tractors and trailers which he stored and repaired at the same location. In the fall of 1982, Buchonok was semi-retired and interested in selling this building. In October of 1982, Buchonok offered to sell the building to Appellant Emerick and Emerick's brother-in-law for $22,000.00. Although no contract was prepared and no money changed hands, Emerick took possession of the building and used it to recondition truck tractors that he and his brother-in-law had acquired in Chicago. Buchonok continued to use the building for small repair jobs of his own and left his tools and a large number of new and used truck parts, which he had accumulated over the years, in the building.

Buchonok never agreed to include any of the tools or parts in the proposed sale and Emerick never proposed that they be part of the sale of the property.

During the next few months, negotiations between Buchonok and Emerick for the sale of the building began to deteriorate. Each retained counsel. The following facts which led to the current dispute then developed:

12/27/82—Buchonok discovered that the locks on the building had been changed. Buchonok demanded the return of his tools and parts. Emerick refused to return Buchonok's tools and parts, claiming possession of the building and its contents.

12/28/82—After further negotiations between the parties' respective attorneys, Emerick promised to vacate the premises within thirty-six (36) hours.

12/29–30/82—Emerick removed all of the contents of the building, including Buchonok's tools and parts.

12/30/82—Buchonok regained possession of the building.

On December 28, 1984, Buchonok filed his complaint against Emerick and his brother-in-law for damages arising out of the tortious conversion of his tools and parts and for other relief. Emerick raised the two year statute of limitations as an affirmative defense.

The trial court's "Conclusions of Law and Order" read, in pertinent part, as follows:

> The law is with the plaintiff and against the defendant.
>
> . . . .
>
> The plaintiff is entitled to recover as damages from the defendant the value of two master combination automotive service tool sets on December 29 and 30, 1982, the sum of $3,000.00 each for a total of $6,000.00.
>
> The plaintiff is entitled to recover as damages from the defendant the value of parts, tools, and equipment as of December 29 and 30, 1982 the sum of $10,739.00.
>
> . . . .
>
> The defendant is entitled to recover no damages from the plaintiff on the allegations of his counterclaim.
>
> Judgment is entered for the plaintiff and against the defendant in the sum of [$16,739.00 plus damages for certain destruction of property unrelated to the converted items herein] together with the costs of the action. JUDGMENT.
>
> Dated this 29th day of January, 1988.
>
> /s/ William T. Means, Judge
> St. Joseph Superior Court

*Record* at 93–94.

Thereafter, Emerick brought a Motion to Correct Errors, which the trial court denied by way of a letter, dated August 24, 1988, to both attorneys of record. That letter stated, in pertinent part, as follows:

> defendant contends that all events occurred on or prior to December 27, 1982, and that the statute of limitations ran before plaintiff filed suit on December 28, 1984. Defendant is mistaken. There was ample evidence that *Mr. Emerick's "looting" of the premises was a continuous series of acts* which did not end until December 30, 1982. Plaintiff's filing of the lawsuit on December 28, 1984 was timely.
>
> . . . .
>
> *I treat defendant's entire removal operation which ended on December 30, 1982, as one continuous tortious act.* I decline to accept the concept that because a wrench *might* have been removed on December 25, 1982 that the plaintiff is without remedy as to that wrench.

*Record* at 125–26 (emphasis added). Note that the trial court refers to the " 'looting' of the premises" and the "entire removal operation" as one continuous tortious act. In its Findings of Fact, the trial court expressly held that Emerick's removal operation took place on December 29 and 30, 1982. This will be discussed in greater detail, below.

Emerick appealed the decision of the trial court, relying heavily on the language of this letter. The Court of Appeals put a great deal of weight in this letter as well, and framed the issue as follows:

> If all of the elements necessary to prove the tort of conversion of personal property are present, can the running of the statute of limitations be tolled until the subsequent removal or destruction of the property under the theory that it is a continuing wrong.

*Emerick v. Buchonok* (1989), Ind., 540 N.E.2d 142, 144. The problem with framing the issue in this manner is that all of the elements necessary to prove the tort of conversion were *not* present until Emerick removed the property from the building.

The Court of Appeals majority found that the conversion took place on December 27, 1982, the day Buchonok discovered the locks on the building had been changed and Emerick refused to return his tools and parts, claiming possession of the building and its contents. What the Court of Appeals majority failed to consider was readily pointed out by Judge Staton in his dissenting opinion; namely, that on the next day, December 28, 1982, Emerick agreed to vacate the premises within 36 hours:

> Emerick's denial of entry [on December 27, 1982,] to a building he had agreed to purchase has some color of right, since he had been allowed by the owner, Buchonok, to take possession without consummating the transfer of title. Therefore, denial of entry under color of right doesn't establish Emerick's intent to take Buchonok's tools on December 27. La-

ter, the *negotiations between Buchonok and Emerick's attorneys established the right to possession to the building only.* When Emerick left with Buchonok's tools, the tort was manifestly established without a doubt, but until December 30, no tort could be clearly established.

*Emerick,* 540 N.E.2d at 145 (emphasis added). As Buchonok correctly asserts, when Emerick promised to vacate the premises on December 28, 1982, a reasonable inference could be drawn that he would not take more than $16,000.00 worth of Buchonok's property with him when he left.

Nevertheless, the Court of Appeals majority states that the concept of a "continuing wrong" cannot be utilized to toll the statute of limitations. Nowhere in the trial court's written Findings of Fact or Conclusions of Law and Order does the phrase "continuing wrong" appear. This phrase manifested itself in the trial court's letter denying Emerick's Motion to Correct Errors.

 It is clear from the discussion immediately above that Emerick did not manifest his intent to permanently deprive Buchonok of his tools and parts until he began to remove the property from the premises. The trial court found this to have occurred on December 29 and 30, 1982:

> 15. Beginning on December 29, 1982, and continuing on December 30, 1982, Emerick moved everything out of the building. He took all the equipment and personal property that he had moved in as well as all the tools, equipment, and new and used parts that were owned by Buchonok. Emerick and others stayed in the building overnight. He had numerous persons present to help him move things out. On December 29, he was assisted by his wife, two male friends and an employee, Dennis Euler. On December 30, he got help from his wife, one male friend and Dennis Euler. Euler worked a total of between twenty-six and twenty-eight hours during the two-day period.
>
> 16. Buchonok and Marge Buchonok and a friend who lived nearby, Glen Kane, were present during the days when much of the removal went on. Buchonok called the police and several law enforcement agencies responded on both December 29 and 30, 1982. One Walkerton policeman was there three times on December 29, 1982. Buchonok was told by all of them that it was a civil matter and they could do nothing to stop Emerick from removing the things.
>
> 17. When Buchonok was finally able to get possession of the building, after Emerick, his wife, friends, and employees had left at about 5:00 p.m. on December 30, 1982, he found that all of his tools, equipment and parts had been removed by Emerick....

*Record* at 88–89. Furthermore, the trial court expressly valued the converted items as of December 29 and 30, 1982. It is incumbent upon this Court to liberally construe findings of fact *together,* consistent with the resulting judgment. *Evansville–Vanderburgh School v. Roberts* (1980), Ind., 273 Ind. 449, 454, 405 N.E.2d 895, 899. A fair inference to be drawn from these findings of fact is the trial court found the conversion to have taken place on December 29 and 30, 1982, and not before. Emerick's entire removal operation was the "one continuous tortious act" referred to in the trial court's letter denying the Motion to Correct Errors. This removal operation took place on December 29 and 30, 1982.

 The trial court had to make a number of findings of fact to support its ultimate conclusion that Buchonok's complaint was timely filed. The trial court was in the best position to weigh these facts. The Court of Appeals should not have disturbed the trial court's determination in this regard since there was sufficient evidence to support its findings. As Judge Staton aptly put it in *ITT Industrial Credit Co. v. R.T.M. Development Co., Inc.* (1987), Ind. App., 512 N.E.2d 201, 203 (citations omitted):

> The purpose of special findings is to provide the parties and the reviewing court with the theory upon which the case was decided. We afford special findings a two-tier standard of review: first, we

must determine if the evidence supports the findings; and second, we must determine whether the findings support the judgment. If we conclude that the special findings support the judgment and are not clearly erroneous, the judgment will be affirmed.

It is not within our province to reweigh the evidence nor reassess the credibility of the witnesses. To do otherwise would be to substitute our judgment for that of the trial court. *In re Wardship of B.C.* (1982), Ind., 441 N.E.2d 208, 211. The same rule applies to our courts of appeal.

The trial court's judgment herein was not clearly erroneous. It was based on findings of fact which were supported by the evidence in the record.

Accordingly, we now grant transfer. The Court of Appeals opinion reported at 540 N.E.2d 142 is vacated and the compensatory damage award of $16,739.00 entered by the trial court in favor of Buchonok and against Emerick is hereby reinstated.

All Justices concur.