Nick **POPOVICH**, Appellant
(Defendant Below),

v.

Lynn **BLACKBURN**, et al., Appellee
(Plaintiff Below).

No. 64A03–9101–CV–3.

Court of Appeals of Indiana,
Third District.

June 27, 1991.

Michael A. Langer, Valparaiso, for appellant.

Duane W. Hartman, Blachly Tabor Bozik & Hartman, Valparaiso, for appellee.

David Kerr, Valparaiso, for Bob Todd.

STATON, Judge.

Nick Popovich appeals an adverse judgment in Lynn Blackburn's action on an open account for services. Blackburn performed design services for a company purportedly operated by Popovich. Popovich asserted that he was not legally obligated to pay for Blackburn's services, and now claims that the judgment entered by the Porter Superior Court, County Division, is contrary to law.

We affirm.

■ Popovich acknowledges that in order to prevail on appeal he must establish that the judgment is contrary to law. *McClure Oil Corp. v. Murray Equipment, Inc.* (1987), Ind.App., 515 N.E.2d 546, *reh. denied.* When a judgment is attacked as being contrary to law, we look solely to the evidence most favorable to the judgment, together with all reasonable inferences therefrom, and it is only when the evidence is without conflict and leads to but one conclusion and the trial court reached a contrary conclusion that we will reverse the judgment. *Ashland Pipeline Co. v. Indiana Bell Telephone Co., Inc.* (1987), Ind.App., 505 N.E.2d 483, *trans. denied.* We will not consider the credibility of witnesses or weigh evidence on appeal. *Id.*

■ The evidence in support of the trial court judgment indicates that in the summer of 1988, Popovich and his associates began marketing an aircraft support vehicle called the Spark Tug. The entity created to promote the Spark Tug was known as "Air Group" or "Air Group In-dustries" (Popovich would later incorporate the company under the name "Air Group, Inc."), and Popovich hired Robert Todd to develop a specific marketing plan for the vehicle.

In anticipation of an upcoming aviation association show in Dallas, Popovich instructed Todd to develop a product brochure and related literature to distribute to prospective clients. Todd then hired Blackburn to prepare a logo, business cards and stationery for Air Group. Blackburn completed the work, some of which was circulated at the airshow, and presented Todd with the bill. Todd in turn handed the bill to Popovich, who assured that it would be paid. As of the day of trial, Popovich was using the business cards and stationery with the logo designed by Blackburn.

Popovich asserts that there is no evidence in the record to support the existence of an agency relationship such that he would be liable for the contract entered into by Todd. This assertion overlooks the testimony of several witnesses, all of whom testified that Popovich was the driving force behind the efforts to market the Spark Tug. Witnesses also testified that Popovich hired Todd for the sole purpose of developing a marketing plan for the vehicle.

On appeal, Popovich suggests that we discount this testimony and consider the evidence in a light more favorable to him. Of course, the trial court is the sole judge of credibility, and it is not within the province of an appellate court to reassess the credibility of witnesses. *Buchonok v. Emerick* (1990), Ind., 558 N.E.2d 1092. The trial court determined that the witnesses testifying in Blackburn's favor were more worthy of credence. We cannot disturb this conclusion.

Although the evidence previously discussed is alone sufficient to affirm the trial court, the record also indicates that Popovich acknowledged his responsibility for the payment of Blackburn's bill, and that he used Blackburn's design on his stationery and business cards as early as November of 1988. In court, Popovich offered to

pay Blackburn for the business cards and logo design services.

The trial court judgment is not contrary to law. Pursuant to Indiana Rules of Procedure, Appellate Rule 15(G), we award Blackburn ten percent (10%) of the judgment, or $154.75, and remand for execution of this award. *See Sandock v. Taylor Construction Corp.* (1981), Ind.App., 416 N.E.2d 882, *trans. denied.*

Affirmed.

HOFFMAN and BAKER, JJ., concur.