## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 10 2015, 9:49 am
CLERK
of the supreme court,
court of appeals and
tax court

**APPELLANT PRO SE**

E. Scott Treadway
EST Law, LLC
Indianapolis, Indiana

**ATTORNEY FOR APPELLEES**

Christopher C. Hagenow
Blackwell Burke & Ramsey, PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

E. Scott Treadway,

*Appellant-Plaintiff,*

v.

Stewart & Irwin, P.C., Mary Schmid, Ronald Smith, Donald Wray, Peter Kovacs, Jeffrey Halbert, James Brauer, Glenn Bowman, and Edward Bielski,

*Appellees-Defendants.*

December 10, 2015

Court of Appeals Case No.
49A04-1503-CT-95

Appeal from the Marion Superior Court.
The Honorable Heather A. Welch, Judge.
Cause No. 49D12-1305-CT-20905

**Shepard, Senior Judge**

[1]     E. Scott Treadway appeals a grant of summary judgment in favor of Mary Schmid, Ronald Smith, Donald Wray, Peter Kovacs, Jeffrey Halbert, James Brauer, Glenn Bowman, and Edward Bielski (collectively "Individual

Defendants") and the partial grant of summary judgment in favor of Stewart & Irwin, P.C.

[2] Concluding that we do not have jurisdiction over the partial judgment entered for Stewart & Irwin and that the trial court appropriately granted summary judgment to the Individual Defendants, we affirm.

## Facts and Procedural History

[3] In March 2008, attorney Treadway entered into an Of Counsel Agreement with Stewart & Irwin, P.C. This agreement outlined the parties' duties and responsibilities, as well as the manner of compensation. It provided Treadway office space, support staff, and billing services for his primarily hourly-billing business litigation practice. In return, Stewart & Irwin received a percentage of the fees he collected.

[4] Greenfield Builders, Inc. ("GBI") was a client Treadway brought with him. GBI had litigation in South Carolina for which Treadway was lead counsel, working on a contingency fee basis. At the conclusion of the GBI litigation, Stewart & Irwin paid Treadway $254,421.75 in fees, but Treadway believed he was due more.

[5] The Of Counsel Agreement states that it does not cover contingency fee cases, and the parties never executed an additional agreement to deal with contingency fee cases. Unable to reach an agreement with Stewart & Irwin on the amount of fees he was owed from the GBI litigation, Treadway sued Stewart & Irwin and the Individual Defendants. The Individual Defendants

moved for summary judgment, and Stewart & Irwin moved for partial summary judgment. Treadway filed a response. Following a hearing, the trial court granted judgment for the Individual Defendants and partial summary judgment for Stewart & Irwin. Subsequently, upon request of the Individual Defendants, the court certified as final and appealable its order as to them. This appeal followed.

[6] In this Court, Treadway has moved to file a supplemental appendix and has tendered one. The Individual Defendants have objected to the supplement and moved to strike a portion of Treadway's original appendix.

[7] The documents contained in Treadway's supplemental appendix, as well as those in the identified portion of his original appendix, were not before the trial court, are therefore not part of the record on appeal, and cannot be considered by this Court. *See Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 92 (Ind. Ct. App. 2001) (matters outside record cannot be considered by court on appeal); *see also* Ind. Appellate Rule 27 (record on appeal shall consist of clerk's record and all proceedings before trial court). Moreover, as this is an appeal from a summary judgment, we can consider only those materials specifically designated to the trial court, and none of these documents were included in Treadway's designation of evidence. *See Pond v. McNellis*, 845 N.E.2d 1043, 1053 (Ind. Ct. App. 2006) (appellate review of summary judgment is limited to materials designated to trial court), *trans. denied*.

Therefore, by separate order, we deny Treadway's motion to file a supplemental appendix, and we grant the Individual Defendants' motion to strike pages 255-270 of Treadway's original appendix.

# Issues

Treadway presents various arguments to support his contention that the trial court erroneously granted summary judgment in favor of the Individual Defendants. Reorganized and restated, these contentions are:

I.   Whether the court erred by granting Defendants' motion to strike.

II.  Whether the trial court erred in granting summary judgment for the Individual Defendants on Treadway's claim for breach of contract.

III. Whether the trial court erred in granting summary judgment for the Individual Defendants on Treadway's claims of promissory estoppel and unjust enrichment.

IV.  Whether the trial court erred in granting summary judgment for the Individual Defendants on Treadway's claims of conversion and breach of fiduciary duty.

Finally, the Individual Defendants raise on cross-appeal the issue of:

V.   Whether the Individual Defendants are entitled to appellate attorney fees.

# Discussion and Decision

## Appellate Jurisdiction

### *First, on cross-appeal, is the question whether this Court has jurisdiction over the partial grant of summary judgment for Stewart & Irwin.*

Upon request by the Individual Defendants, the trial court certified as final and appealable that portion of its order on summary judgment pertaining to them. Thus, although not disposing of all claims as to all parties, the judgment as to the Individual Defendants is final under Appellate Rule 2(H)(2) in as much as the court expressly determined in writing that there was no just reason for delay and entered judgment accordingly. *See Smith v. Deem*, 834 N.E.2d 1100, 1104 (Ind. Ct. App. 2005), *trans. denied*.

That part of the order pertaining to Stewart & Irwin, however, was not certified. Thus, it is not a final judgment under Appellate Rule 2(H) and remains interlocutory, appealable only under Appellate Rule 14. The court's order as to Stewart & Irwin is not appealable as of right pursuant to Rule 14(A), and Treadway did not seek permission to appeal under Rule 14(B). We do not presently have jurisdiction over the portion of the trial court's judgment that pertains to Treadway's claims against Stewart & Irwin.

## I. Motion to Strike

Treadway asserts that the trial court erred by striking a portion of his affidavit, designated as evidentiary material in his opposition to Defendants' motion for summary judgment. We review a trial court's order on a motion to strike for an

abuse of discretion. *Williams v. Tharp*, 914 N.E.2d 756, 769 (Ind. 2009). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Illiana Surgery & Med. Ctr., LLC v. STG Funding, Inc.*, 824 N.E.2d 388 (Ind. Ct. App. 2005). Further, the trial court's decision will be reversed only upon a clear showing of prejudicial error. *Sun Life Assur. Co. of Can. v. Ind. Dep't. of Ins.*, 868 N.E.2d 50 (Ind. Ct. App. 2007), *trans. denied*.

[13] Here, the court struck portions of paragraphs 15, 17, 18, 19, 20, 22, 23, 26, and 27 of Treadway's affidavit, finding the statements were impermissible conclusions and speculation. It also struck paragraph 29 as hearsay, portions of paragraph 21 as hearsay and impermissible conclusions, and a portion of paragraph 25 as impermissible conclusions. Treadway's argument on appeal is simply that these statements are statements of fact and are neither hearsay nor impermissible conclusions.

[14] Indiana Trial Rule 56(E) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Mere assertions of conclusions of law or opinions will not suffice in an affidavit. *Kader v. Dep't of Corr.*, 1 N.E.3d 717, 724 (Ind. Ct. App. 2103). Upon review, we find the statements in paragraphs 15, 17, 18, 19, 20, 22, 23, 26, and 27 to be opinions, conclusions of law, and statements not based on personal knowledge. Further, we find that both paragraphs 21 and 29 contain hearsay as well as legal

conclusions. Finally, paragraph 25 contains impermissible conclusions and opinions. These qualities do not comport with the requirements for affidavits. The court did not abuse its discretion in granting the motion to strike.

## II. Piercing the Corporate Veil

We turn now to the issues at the heart of the trial court's order. Treadway contends that the court erred when it determined there was insufficient evidence to support piercing the corporate veil to hold the Individual Defendants liable under the Of Counsel Agreement.

On appeal from a grant or denial of summary judgment, our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Winchell v. Guy*, 857 N.E.2d 1024 (Ind. Ct. App. 2006). Appellate review is limited to those materials designated to the trial court. *Pond*, 845 N.E.2d at 1053. Thus, we are not permitted to search the materials on appeal for, or make a decision based upon, materials that were not specifically designated. *Collins v. J.A. House, Inc.*, 705 N.E.2d 568 (Ind. Ct. App. 1999), *trans. denied*. All facts and reasonable inferences are construed in favor of the non-movant. *Pond*, 845 N.E.2d at 1053. Moreover, summary judgment may be affirmed if it is proper on any basis shown in the record. *Pfenning v. Lineman*, 947 N.E.2d 392 (Ind. 2011). The party appealing the judgment carries the burden of persuading the appellate court that the trial court's decision was erroneous. *Bradshaw v. Chandler*, 916 N.E.2d 163 (Ind. 2009).

[17] The elementary principle of corporate law is that corporate shareholders are liable for acts of the corporation only to the extent of their investment and are not personally liable for the corporation's acts. *CBR Event Decorators, Inc. v. Gates*, 962 N.E.2d 1276, 1281 (Ind. Ct. App. 2012), *trans. denied*. Courts are reluctant to disregard corporate identity, and they do so only where the party seeking to pierce the corporate veil can establish that the corporate form has been misused and the result of that misuse is fraud or injustice. *Id.*

[18] Whether a court should exercise its equitable power to pierce a corporate veil involves a highly fact-sensitive inquiry. *Konrad Motor & Welder Serv., Inc. v. Magnetech Indus. Servs., Inc.*, 973 N.E.2d 1158 (Ind. Ct. App. 2012). The party seeking to pierce bears the burden of establishing that: (1) the corporate form was so ignored, controlled or manipulated that it was the mere instrumentality of another, and (2) the misuse of the corporate form constitutes a fraud or promotes injustice. *CBR Event Decorators, Inc.*, 962 N.E.2d at 1282. In determining whether such a party has met its burden, evidence of the following factors is pertinent: (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice, or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form. *Id.*

[19] In support of his position, Treadway points to portions of several paragraphs in his affidavit, but the segments he refers to were rightly struck by the trial court.

He also directs us to the sole paragraph of his affidavit that was not struck. It states that the shareholders of Stewart & Irwin referred to themselves and one another as "partners." Appellant's Br. p. 11.

[20] Treadway neither supplies case law that holds this to be an impropriety nor explains how this act, without more, is sufficient to pierce the corporate veil. Further, beyond the "partner" label, he has failed to designate evidence that the shareholders of the corporation acted as anything but shareholders. This dearth of evidence in no way satisfies the considerable burden he must fulfill in order to pierce the corporate veil. The trial court did not err on this issue.

## III. Promissory Estoppel & Unjust Enrichment

[21] In his complaint, Treadway asserted claims of promissory estoppel and unjust enrichment against the Individual Defendants. Essentially he argues that because he did not receive all the fees he was owed from the GBI litigation, the Individual Defendants must have received money that belonged to him.

[22] The elements of the doctrine of promissory estoppel are: (1) a promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise. *Huber v. Hamilton*, 33 N.E.3d 1116, 1124 (Ind. Ct. App. 2015). In addition, to prevail on a claim of unjust enrichment, a plaintiff must establish: (1) a benefit conferred upon another at the express or implied consent of such other party; (2) allowing the other party to retain the benefit without restitution

would be unjust; and (3) the plaintiff expected payment. *Good v. Ind. Teachers Ret. Fund*, 31 N.E.3d 978, 982 (Ind. Ct. App. 2015), *trans. denied*.

[23] As for promissory estoppel, the designated evidence fails to show a promise made to Treadway by the Individual Defendants. Treadway refers to a promise by the Individual Defendants to collect fees and remit them to him, but for support he cites to paragraphs in his designated affidavit, portions of which were struck by the trial court and the remainder of which merely reiterate his allegations without providing any evidence. He also refers to the Of Counsel Agreement, but it was executed by Treadway and Stewart & Irwin, not by the Individual Defendants. We find no evidence in the designated materials that the Individual Defendants made any promise to Treadway or that shows the existence of a genuine issue of material fact as respects promissory estoppel.

[24] Likewise, Treadway has not designated any evidence that the Individual Defendants received any of the funds he alleges are his. Once again he refers to various struck paragraphs and to memoranda he sent to Mary Schmid, who was President of Stewart & Irwin at the time, and to Stewart & Irwin's Executive Committee. The portions of the paragraphs in his affidavit that were not struck and the memoranda restate his claims but provide no actual evidence in support thereof. Thus, the trial court did not err in granting judgment for the Individual Defendants on these issues.

# IV. Conversion and Breach of Fiduciary Duty

[25] Treadway raised claims of conversion and breach of fiduciary duty against the Individual Defendants in his complaint. The trial court granted summary judgment for the Individual Defendants on these allegations, determining they were time-barred because Treadway had failed to file them within the two-year statute of limitations.

[26] An action for conversion is governed by a two-year statute of limitations. *French v. Hickman Moving & Storage*, 400 N.E.2d 1384 (Ind. Ct. App. 1980); *see* Ind. Code § 34-11-2-4(a)(2) (1998). Similarly, breach of fiduciary duty is a tort claim subject to the two-year statute. *Shriner v. Sheehan*, 773 N.E.2d 833 (Ind. Ct. App. 2002), *trans. denied*; *see* Ind. Code § 34-11-2-4(a)(2). Under Indiana's discovery rule, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as the result of the tortious act of another. *Doe v. United Methodist Church*, 673 N.E.2d 839 (Ind. Ct. App. 1996), *trans. denied*.

[27] Here, the undisputed evidence shows that on August 19, 2010, Treadway received a check from the GBI litigation proceeds. According to his complaint, Treadway "promptly notified [Stewart & Irwin] that it was not entitled to the money it retained, that the money belonged to [him] and demanded that the money be remitted to [him]." Appellant's App. p. 13. Treadway states he

severed his relationship with Stewart & Irwin in September 2010. The complaint was filed on May 17, 2013, outside the two-year period.

[28] In hopes of avoiding the limitations period, Treadway argues fraudulent concealment and continuing wrong, but these doctrines prove unhelpful to his cause. When a plaintiff obtains information that would lead to the discovery of the cause of action through ordinary diligence, the statute of limitations begins to run, regardless of any fraudulent concealment perpetrated by the defendants. *Dickes v. Felger*, 981 N.E.2d 559 (Ind. Ct. App. 2012). And, the doctrine of continuing wrong will not prevent the statute from beginning to run when the plaintiff learns of facts which should lead to the discovery of his cause of action even if his relationship with the tortfeasor continues beyond that point. *C & E Corp. v. Ramco Indus., Inc.*, 717 N.E.2d 642 (Ind. Ct. App. 1999). In support of his argument on this issue, Treadway cites to his supplemental appendix and to pages 255-270 of his original appendix, both of which are not part of the record on appeal in this case and which have been denied filing and struck from the record, respectively. The designated evidence shows that, by his own admission, Treadway was aware of the fees issue by August 2010, making his May 2013 complaint untimely. Thus, the trial court correctly determined that these claims are barred by the statute of limitations, and summary judgment for the Individual Defendants was proper on these issues.

## V. Appellate Attorney Fees

[29] Finally, the Individual Defendants request appellate attorney fees pursuant to Indiana Appellate Rule 66(E) due to Treadway's procedural bad faith caused by

his "many departures from proper appellate procedure." Appellees' Br. p. 45. Appellate Rule 66(E) provides, in part, that this Court "may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Procedural bad faith arises when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time, both by the opposing party and the reviewing court. *Wressell v. R.L. Turner Corp.*, 988 N.E.2d 289, 299 (Ind. Ct. App. 2013), *trans. denied*. Although Rule 66(E) permits an award of damages on appeal, we act with restraint in this regard due to the potential chilling effect on the right to appeal. *Id.*

[30] The Individual Defendants contend that Treadway submitted materials on appeal that were not before the trial court or that were stricken from the record by the trial court, made improper factual claims, failed to serve a copy of his corrected brief upon opposing counsel, and submitted a disorganized brief. Pretty much true, but we conclude these deficiencies did not quite pass the sanctions threshold.

# Conclusion

[31] We conclude that this Court does not have jurisdiction over the partial summary judgment granted to Stewart & Irwin and that the trial court did not abuse its discretion in granting the Individual Defendants' motion to strike

portions of Treadway's affidavit.  Though we conclude that the court properly granted judgment for the Individual Defendants, we decline to award appellate fees.

[32]  Affirmed.

[33]  Robb, J., and Pyle, J., concur.